## CLARKHUFF v. WISCONSIN, I. & N. R. Co. and another.[1]

*(Circuit Court, S. D. Iowa.   October Term, 1885.)*

REMOVAL OF CAUSE—WANT OF JURISDICTION—PLEA IN ABATEMENT.

The proper way in which to raise the objection that the circuit court has no jurisdiction of a cause removed from a state court is by plea in abatement.

Motion to Remand.

*Brom & Carney*, for plaintiff, for the motion.

*Hubbard, Clark & Dawley*, for defendant Iowa Improvement Co., against the motion.

Before Judges LOVE and SHIRAS.

LOVE, J.  This case is before us upon a motion to remand to the state court.  It was originally commenced in the district court of Marshall county, Iowa.  The action is for personal injuries alleged to have been inflicted upon the plaintiff by negligence in the operation of the defendant's railway.  The cause was transferred to this court upon the petition of one of the defendants, the Iowa Improvement Company.  The plaintiff moves to remand.  There is a direct conflict between the statements of the plaintiff's petition and amended petition filed in the state court, and the petition for removal, as to the facts upon which the jurisdiction of this court depends.  In the plaintiff's pleadings it is averred, in substance, that the railway was, when the injury was committed, in the possession and ownership of the defendant corporation the Wisconsin, Iowa & Nebraska Railway Company; that said company was in fact using and operating the road, and was and is a citizen of Iowa, of which state the plaintiff is also a citizen.  It is also averred in the plaintiff's petition that the other defendant, the Iowa Improvement Company, is a mere adjunct and "parasite" of the Wisconsin, Iowa & Nebraska Railway Company, though existing as a corporation under a distinct corporate name, and that said Iowa Improvement Company was, when the injury was done, "engaged in operating said railway as agent, by contract or otherwise, for, with, and under the control of and in connection with the said Wisconsin, Iowa & Nebraska Railway Company."  If these allegations be true, the jurisdiction here cannot be maintained, for the reason that the Wisconsin, Iowa & Nebraska Railway Company is at least jointly liable with the improvement company for the injury complained of; and the former company being a citizen of the same state with the plaintiff, the jurisdiction here fails.  The plaintiff's petition contains no allegation as to the citizenship of the improvement company.

The petition for removal was presented by the improvement company, and it avers that said corporation is a citizen of New Jersey; that it was, when the alleged injury was committed, in the "sole occupation

[1] Reported by Robertson Howard, Esq., of the St. Paul bar.

and control of the line of the Wisconsin, Iowa & Nebraska Railway; and that prior thereto, and ever since that time, said improvement company had the exclusive control and operation of the trains, engines, and cars by means of which the plaintiff was injured." It is further averred that "said improvement company was in control and possession of the line of said railroad under a contract to build, equip, and operate said line as against every person, and especially as against said Wisconsin, Iowa & Nebraska Railway Company; that no part of said road, or the cars, engines, fixtures, or adjuncts of said road, had ever been turned over to said railway company at the time of said injury, or before or since; and that, if said plaintiff was injured on said line of railway by the trains, cars, or engines operated thereon, said improvement company is liable, and it only, therefor, if any liability exists."

In every removal case the question is one of jurisdiction. This question is to be determined by the face of the record or by matter *dehors* the record. It is manifest that the record is not and cannot be conclusive of the facts upon which the jurisdiction of the court depends. What is the record when the case is brought here? It consists of the pleadings filed in the state court and the petition for removal. It would be most extraordinary if one party or the other could, by mere allegations in pleading or otherwise, conclusively establish or repel the jurisdiction of the court. If the plaintiff in the state court desired to exclude the jurisdiction of the federal court, and if he could accomplish his purpose by mere pleading, he might in any imaginable case deprive his adversary of his constitutional and legal right of removal by alleging a fact to be true, having no foundation in truth. He might state the value of property involved to be less than $500, the contrary being the fact. He might allege untruly that his adversary is a citizen of the same state with himself. He might unite some mere nominal party as defendant with the real party in interest, falsely averring such nominal party to be a citizen of the same state with himself, and jointly concerned with the real party in the controversy. Thus might the plaintiff in the state court, by the simple process of pleading, without even the verification of his own affidavit, defeat the whole purpose of the removal act. It is manifest, therefore, that the party seeking the removal is at liberty to make averment against the facts as stated in the pleadings; and it is equally clear that the state court must receive the statement made, in due form, and with proper verification by the petitioner for removal, as true *prima facie*, and proceed no further with the cause, but order the transfer of the case to the federal court. The cause comes here with the record thus made, and this court must primarily, by inspection of this record, determine whether or not the cause shall be remanded. Now, it is clear to my mind that, while the petition for removal must be received as true *prima facie*, and therefore as, upon the face of the record, paramount to the pleadings filed in the state court, it cannot

be taken in its turn as conclusive of the facts upon which the jurisdiction depends.  If the petition for removal were taken as conclusive,—if the party moving to remand were not at liberty to aver and show the jurisdictional facts to be contrary to the statement of them in the removal petition,—he would be in his turn, in this court, completely at the mercy of his adversary.

The constitutional and legal right of a party to have his cause heard and determined in the state court, when his adversary is a citizen of the same state with himself, is just as clear and sacred as is the right of the non-resident citizen to be heard in the federal court when the jurisdictional facts are otherwise.  It would not do to say that this constitutional and legal right of the resident citizen could be defeated and overridden by his adversary, by the simple means of untruly stating the jurisdictional facts in his petition for removal.  Hence the resident citizen may undoubtedly, in moving to remand, make averments in some proper form controverting the jurisdictional facts as stated in the petition for removal.  The burden is upon the party moving to remand to aver and show that the jurisdictional facts are not what they are alleged to be in the petition for the removal.  The cause is here by virtue of that petition, which is to be taken as *prima facie* true.  The removing party does not ask that the cause be remanded.  Upon the face of the record he has a right to remain here.  The petition for removal is verified.  The petitioner has executed a bond of indemnity in favor of his adversary.  The cause is rightfully here unless it be shown by the party moving to remand that the real jurisdictional facts did not warrant the removal.  How can this be shown?  Why, in my judgment, by the simple means of a plea in abatement to the jurisdiction.  It may be averred as an extrinsic fact, by such a plea, that both parties are citizens of the same state, or that the value in controversy is less than $500, or that any other fact exists showing a want of jurisdiction, notwithstanding the allegations to the contrary in the petition for removal.  If this were not so, the jurisdiction of the court would depend conclusively upon what might be false and fraudulent allegations of fact respecting the same, upon the face of the record.  But what shows conclusively to my mind that the view here taken is correct is the following provision of the removal act:

"639*c*.  DISMISSAL, WHEN.  That if, in any suit commenced in a circuit court, or removal from a state court to a circuit court of the United States, it shall appear to the satisfaction of said circuit court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said circuit court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this act, the said circuit court shall proceed no further therein, but shall dismiss the suit, or remand it to the court from which it was removed, as justice may require, and shall make such order as to costs as shall be just; but the order of said circuit court dismissing or remanding said cause to the state court shall be reviewable by the supreme court on writ of error or appeal, as the case may be."

Since, then, it is made the duty of the court to dismiss or remand the cause at any stage of its progress when the want of jurisdiction appears, it must surely be a proper practice to raise such a question, in a preliminary way, by plea in abatement to the jurisdiction. It would certainly be a most inconvenient practice to remand or dismiss the cause after exposing the party to long delay and the expense of a trial on the merits, instead of permitting him to have the facts of jurisdiction inquired into summarily in advance of such a trial.

What I have here said is intended as a statement only of the ordinary rule in determining the jurisdictional facts. The petition for removal must be accepted by the court, ordinarily, as a true *prima facie* statement of the jurisdictional facts, subject to the right of averment to the contrary. But I do not question that there may be cases in which the court may look at the whole record, and, without a plea in abatement, determine the jurisdictional facts contrary to the averments of the petition for removal. Thus it might be evident from the pleadings that the alleged facts giving the federal court jurisdiction did not exist, notwithstanding the statement of the petition for removal to the contrary. If, for example, the suit should be upon a note or bill or penal bond for two or three hundred dollars, without any other cause of action, the court might doubtless reject as unfounded a statement in the petition for removal showing the amount in controversy to be over $500. So, ordinarily, if the plaintiff's petition should claim damages to an amount less than $500. But cases of this kind must be exceptional. It is manifest, for reasons already given above, that, ordinarily, the statement of the petition for removal must be taken as *prima facie* true, as against the statements and averments of the pleadings filed in the state court.

With these principles in view, let us proceed to consider the present motion. It may be conceded that the plaintiff in his petition in the state courts, which is before us, states a case in which both corporations are liable to him, and that the controversy is not severable. If this were conclusive, the case ought to be remanded. But the petition for removal contains the following allegations:

"That the improvement company was in control of the line of railroad under a contract to build, equip, and operate said line as against every person, and especially the said Wisconsin, Iowa & Nebraska Railway Company; that no part of said line of road, or the cars, engines, fixtures, or adjuncts, had been turned over to the said railway at the time of said injury, or before or since; that if plaintiff was injured upon said line of railway by the trains, cars, or engines operated thereon, your petitioner is liable, and it only, therefor if any liability exists."

Now, if this allegation be true, the railway company is a mere nominal party. The improvement company alone is liable for the injury complained of, and that company has therefore a clear right to be heard in this court. The plaintiff ought not to be permitted to deprive the improvement company of this right by simply joining a

nominal party with him as defendant, and making untrue averments respecting his liability. On, the contrary, if the allegations of the petition for removal in question be not true, the plaintiff can so state in a plea in abatement, and take issue upon the jurisdictional fact, which can then be tried like any similar issue.

Upon the face of the record, as the case is now before us, the motion to remand must be overruled with leave to the plaintiff to plead in abatement as above indicated.