## KESSINGER *v.* HINKHOUSE.

*(Circuit Court, S. D. Iowa.* June Term, 1886.)

1. REMOVAL OF CAUSE—JURISDICTION—MOTION TO REMAND.
   On a motion to remand a cause to the state court from which it was removed, the petition for removal is the basis of jurisdiction. It is not in the province of the pleadings in the state court to state the grounds of jurisdiction in the United States circuit court.

2. SAME—FEDERAL QUESTION—IOWA PROHIBITION LAW—DEPRIVING PERSON OF PROPERTY WITHOUT DUE PROCESS OF LAW—FOURTEENTH AMENDMENT.
   Where a petition for the removal of a proceeding in equity under the Iowa prohibition law, in which the complainant sought to obtain an injunction against the defendant to restrain him from the violation of that law, sets forth facts showing that the defendant had vested property rights at the time the law went into effect which the injunction would operate to destroy, *held*, that this raises a question under the fourteenth amendment to the United States constitution, depriving a person of property without due process of law, giving the United States circuit court jurisdiction.

In Equity.
*D. C. Cloud*, for plaintiff.
*H. J. Lauder*, for defendant.

LOVE, J. This cause originated in the circuit court of Muscatine county, Iowa. It is a proceeding in equity, under the Iowa prohibition law, by which the complainant seeks an injunction against the defendant to restrain him from a violation of the Iowa liquor law, and a decree declaring the defendant guilty of keeping and maintaining a public and common nuisance. The cause has been transferred to this court by order of the Hon. NATHANIEL FRENCH, the judge of said circuit court, against the objections of the complainant, resisting said order. The complainant now moves to remand the cause to the state court. The recognized ability and unquestioned impar-

tiality of the judge by whose order the cause was removed to this court, would lead me to hesitate in making an order reversing his judgment by remanding the cause to the state court. I do not doubt that he gave the objections to removal urged by the complainant careful and patient consideration, and that he reached his conclusions upon solid grounds of fact and law. I have, after mature reflection, reached the same conclusion at which Judge FRENCH arrived upon the question of jurisdiction.

As I have repeatedly said in other cases, the petition for removal is the basis of jurisdiction here. It is not the province of the pleadings in the state court to state the grounds of jurisdiction in this court. The allegation of the jurisdictional facts is quite foreign to the pleadings in the state court, and any averment of the facts giving jurisdiction here would be quite irrelevant and impertinent in the pleadings in the state court. The cause is removed upon the allegations and averments of fact as to the jurisdiction contained in the petition for removal. We must, therefore, upon a motion to remand, accept the statement of the jurisdictional facts in the petition for removal as *prima facie* true. If they are not true, the party against whose consent the order of removal was made may contest them by a plea in abatement to the jurisdiction. *Clarkhuff* v. *Wisconsin, I. & N. R. Co.*, 26 Fed. Rep. 465.

The statements of the petition for removal, material to the present motion, are that the matter in dispute exceeds the sum of $500; that the petitioner was, prior to the fourth day of July, 1884, engaged in the lawful business of selling ale, wine, and beer, the same not being prohibited by any law then in force, upon the premises described in the plaintiff's petition; that by the act which then (July 4, 1884) took effect it was provided that any person engaged in selling ale, wine, and beer as a beverage should, upon conviction thereof, be punished by fine and imprisonment; that many years before the passage of said act the petitioner, Rudolph Hinkhouse had, at great expense, to-wit, in the sum of at least $2,500, erected upon the premises described in the plaintiff's petition a building for the express and sole purpose of occupying the business portion thereof as a saloon, wherein to sell ale, wine, and beer, and for no other purpose whatever; that said building, having been constructed for such purpose alone, could only, at great expense, to-wit, in the sum of $300, be fitted for any other use or occupation; that the right and privilege of using and occupying the building is of the value of $1,000; that if this action prevail the petitioner will suffer damage and loss to the amount of $1,000 by reason of his deprivation of the use and occupation of said building, and that the depreciation of said building will be in a like and similar sum; that the business which the petitioner had in the course of years attracted to the house, and its good-will, worth $1,000, would be lost and destroyed to petitioner by the success of said suit; that prior to July 4, 1884, when the prohi-

bition act took effect, the petitioner had on hand, and has ever since had on hand, and now has, wines and liquors, the sale of which had theretofore been lawful, and that if the plaintiff's action be maintained the same will be confiscated and destroyed; that prior to said act of 1884 the petitioner had, at a cost of $250, procured proper fixtures for carrying on said business, and placed the same in said building; that said fixtures, furniture, etc., are fit only for said business, and cannot be used for any other purpose than that for which they were designed and placed in said building; and that the petitioner would be compelled either to abandon or destroy said fixtures, furniture, etc., in the event of said suit being sustained.

Do the facts thus stated raise a federal question within the jurisdiction of this court? The question is not whether the facts thus stated in the petition for removal would, if pleaded as an answer to the plaintiff's petition in the state court, be sufficient to defeat the object of that proceeding. This must be borne carefully in mind in considering the present motion to remand. It is a mere question as to the tribunal in which the controversy shall be heard and determined. •

This court is bound, let me repeat, by the decision of the circuit judge in *State* v. *Walruff*, 26 Fed. Rep. 178. What was that case? It was, in brief, that Walruff had, at great cost, established a brewery in Lawrence, Kansas, when the manufacture and sale of beer were lawful in that state. By subsequent legislation the manufacture of beer was prohibited, and an injunction was sued out in a Kansas state court to enjoin the defendants absolutely from the manufacture of beer. "Thus," said Judge BREWER, "in strict conformity to the laws of the state, the defendants were prohibited from using their property for the purposes for which alone it was designed, adapted, and valuable, and were required, without compensation, to surrender $45,000 of value" in property which they had acquired in strict conformity to existing law. The subsequent legislation of Kansas did not directly assail the defendants' right of property in the brewery. It aimed not to divest him of his vested right in the buildings and plant by any direct exercise of legislative power. It was by making the use of the property which had been lawful, unlawful, that its value was reduced from $50,000 to $5,000, and the defendants' right consequently invaded. This, the circuit judge held, raised a question under the federal constitution, which authorized the defendant to remove the cause for adjudication into the federal court of Kansas.

Now, where is the line of distinction between the case of *State* v. *Walruff* and the present case? It was lawful to sell wine, ale, and beer in Iowa prior to the act of 1884. It was lawful to fit up and prepare property for that purpose, to purchase furniture, and to invest money in ale, wine, and beer, for sale. A party investing money in these things had a clear legal vested right of property in them, and a right to use them for the purpose for which they were designed, that purpose being lawful. Judge BREWER says:

"Debarring a man, by express prohibition, from the use of his property, for the sake of the public, is a taking of private property for public use. It is the power to use not the mere title which gives value to property. Give a man a fee-simple title to a flour-mill coupled with an absolute prohibition of its use, and what value is it to him?"

It is, of course, apparent that the case of *State* v. *Walruff*, decided by Judge Brewer, is, in some respects, much stronger in its facts and equities than the present case; but wherein do they differ in principle? Rights and equities do not depend upon the amount involved in a decision, and the deprivation of a small sum may be more grievous to a person of small means than the loss of a great amount to a person of ample wealth.

It is alleged in the petition for removal, among other things, that the petitioner, prior to the act of 1884, and thence to the time of the proceeding against him, had on hand certain wines and liquors the sale of which had theretofore been lawful. Wines and liquors thus held were lawful property. Could the legislature, by a subsequent act, prohibit the sale of them without an invasion of the petitioner's right of property? Judge Brewer quotes with approbation, and as a guide to his own judgment, the language of Mr. Justice Miller in the case of *Bartemeyer* v. *Iowa*, 18 Wall. 129, as follows:

"But if it were true, and if it were fairly presented to us, that the defendant was the owner of the glass of intoxicating liquor which he sold to Hickey at the time that the state of Iowa first imposed an absolute prohibition on the sale of such liquors, then we can see that two very grave questions would arise: Whether this would be a statute depriving him of his property without due process of law; and (2) whether, if it were so, it would be so far a violation of the fourteenth amendment in that regard as would call for judicial action by this court."

And Mr. Justice Bradley:

"The law, therefore, was not an invasion of property existing at the date of its passage, and the question of depriving a person of property without due process of law does not arise. No one has ever doubted that the legislature may prohibit the vending of articles deemed injurious to the safety of society, provided it does not interfere with vested rights of property. When such rights stand in the way of public good, they are to be removed by awarding compensation to the owner."

And Mr. Justice Field adds these words:

"I have no doubt of the power of the state to regulate the sale of intoxicating liquors when such regulation does not amount to the destruction of the right of property in them. The right of property in an article involves the power to sell and dispose of such article, as well as to use and enjoy it. Any act which declares that the owner shall neither sell it, nor dispose of it, nor use and enjoy it, confiscates it, depriving him of his property without due process of law. Against such arbitrary legislation by any state the fourteenth amendment affords protection."

In the case of *Munn* v. *Illinois*, 94 U. S. 141, Mr. Justice Field says:

"All that is beneficial in property arises from its use, and the fruits of that use; and whatever deprives a person of these deprives him of all that is de-

sirable and valuable in the title and possession. If the constitutional guaranty extends no further than to prevent a deprivation of title and possession, and allows a deprivation of use, and the fruits of that use, it does not merit the encomiums it has received."

And in the case of *Beer Co.* v. *Massachusetts*, 97 U. S. 25, the court declares that "if the public safety, or the public morals, requires the discontinuance of any manufacture or traffic, the hand of the legislature cannot be stayed from providing for its discontinuance by an incidental inconvenience which individuals or corporations may suffer. All rights are held subject to the police power of the state. We do not mean to say that property actually in existence, and in which the right of the owner has become vested, may be taken for the public good without compensation; but we infer that the liquor in this case, as in the case of *Bartemyer* v. *Iowa*, was not in existence when the liquor law of Massachusetts was passed."

Motion to remand overruled.