## EGERTON v. STARIN.

(Circuit Court, D. Connecticut. January 27, 1899.)

### No. 953.

REMOVAL OF CAUSES—EVIDENCE OF CITIZENSHIP—ESTOPPEL.

    That plaintiff, in a suit brought in New York against a citizen of New York, described himself in the original writ as "of said New Haven" (Conn.), will not estop him from showing, in support of a motion to remand, that he is in fact a citizen of New York.

This was an action at law by William C. Egerton against John H. Starin. The case was removed by defendant from the state court in which it was brought, and is now heard on a motion to remand.

Henry Stoddard and Roger S. Baldwin, for plaintiff.

Henry G. Neston, for defendant.

TOWNSEND, District Judge. Motion to remand. This action was originally brought in the state court by a writ wherein the plaintiff described himself as "William C. Egerton, of said New Haven." After removal to this court, the plaintiff moved to remand, on the ground that it did not appear from the petition for removal that he was a citizen of the state of Connecticut. The motion was denied. Thereupon the plaintiff filed a denial of the allegation in said petition that he was a citizen of the state of Connecticut, and alleged that, at the time of bringing said suit, all of said parties were, and ever since had been, citizens of the state of New York. A motion to dismiss this motion, on the ground that the matter was res adjudicata, was denied; and an order was entered appointing a master to take testimony upon the question of fact. From said testimony it appears that the plaintiff has been a citizen of the state of New York for more than 20 years. Counsel for defendant claim, however, that the plaintiff is estopped to deny said description of his residence in the original writ. They contend that in no case will a party be permitted to contradict the allegation of residence as pleaded, and that no finding of such fact contrary to the pleading can avail the party. There are three sufficient answers to this contention, namely:

1. The original writ merely summoned the defendant to appear and answer to "William C. Egerton, of said New Haven." This may be equivalent to an allegation of residence at the time of bringing suit, but it is not necessarily equivalent to an allegation that the party is a citizen of the state of Connecticut. Robertson v. Cease, 97 U. S. 646; Brown v. Keene, 8 Pet. 115; Parker v. Overman, 18 How. 141; Insurance Co. v. Kirchoff, 169 U. S. 111, 18 Sup. Ct. 260.

2. It is the duty of the court to remand or dismiss the cause at any stage of the proceedings when facts are brought to its notice showing want of jurisdiction. Kingman v. Holthaus, 59 Fed. 315; Morris v. Gilmer, 129 U. S. 326, 9 Sup. Ct 289; Anderson v. Watt, 138 U. S. 694, 11 Sup. Ct. 449.

3. The question of residence is to be determined, not merely upon the pleadings in the state court, but upon the allegations of the

petition to remand, and the testimony taken thereon. Railway Co. v. Swan, 111 U. S. 384, 4 Sup. Ct. 510; Clarkhuff v. Railroad Co., 26 Fed. 466; Kessinger v. Hinkhouse, 27 Fed. 884.

The motion to remand is granted, but, inasmuch as the plaintiff is in fault for having wrongly described himself as of the state of Connecticut, no costs will be taxed in his favor.