Janet K. ROBERTSON, and husband,
Mark Robertson,
Plaintiffs-Appellants,

v.

Jack J. BALL, and wife, Viola Ball,
Defendants-Appellees.

No. 76–1476
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 23, 1976.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Michael L. Riddle, Dallas, Tex., for plaintiffs-appellants.

Herbert L. Hooks, Dallas, Tex., for defendants-appellees.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

On June 19, 1975, Jack and Viola Ball filed in a Texas Domestic Relations Court a "Petition for Visitation," seeking a court order giving them visitation privileges with their grandchild, Jack J. Ball III. The petition alleged that Janet and Mark Robertson, the natural mother and adoptive father of the child, had refused to permit the Balls to visit young Jack. Section 14.03(d) of the Texas Family Code provides:

> The court may grant reasonable access rights to either the maternal or paternal grandparents of the child and issue any necessary orders to enforce the decree.

On July 15, 1975, the Robertsons filed a petition for removal in the United States District Court, alleging that the Texas statute quoted above was unconstitutional and that removal was proper under 28 U.S.C. § 1441(b) and under 28 U.S.C. § 1443. The Robertsons then filed in the federal court, in response to the Balls' state court petition, a "motion to dismiss, answer, and request for an injunction," praying for a permanent injunction against the enforcement of Section 14.03 and requesting a three-judge court to hear the application for such relief.

The Balls next step was a motion asking the federal court to remand the cause to the state court. Both parties filed short briefs in regard to this motion. On February 13, 1976, the court below granted the motion and remanded the cause to the Texas Domestic Relations Court. The Robertsons noticed an appeal from that order.

The first question we must face is whether we have jurisdiction to entertain this appeal. With respect to the removal based on § 1441(b), our starting point is § 1447(d) which appears expressly to negate the possibility of appellate review of the remand in this case:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise   .   .

28 U.S.C. § 1447(d). The United States Supreme Court has recently held that

§ 1447(d) does not mean exactly what it seems to say, *see Thermtron Products, Inc. v. Hermansdorfer,* 1976, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542, but the exception noted in that case, by which certain remands of § 1441(b) removal can be reviewed through mandamus, has no application to the case before us.[1] *Thermtron* held that "only remand orders issued under § 1447(c) and invoking the grounds specified therein—that removal was improvident and without jurisdiction—are immune from review under § 1447(d)." 423 U.S. at 346, 96 S.Ct. at 590, 46 L.Ed.2d at 551.[2]

The court below expressly stated that "this action was improperly removed under Section 1441(b) . . ." because

the action was not "one of which this court would have had original jurisdiction. . ." We have no occasion to determine whether or not this conclusion of the district court was well-founded.[3] As we read *Thermtron,* the express invocation by the district court of the § 1447(c) grounds for remand of a removal under § 1441(b) robs this court of any power "through appeal or otherwise," to review the merits of the remand order.[4] As to the part of the remand order dealing with § 1441(b) removal, then, the appeal must be dismissed.

The removal effected under §1443 stands in a different posture, however. The portion of § 1447(d) elided from the above quotation reads:

and which caused this case to be improvidently removed within the meaning of § 1447(c), and accordingly § 1447(d) divests this Court of jurisdiction to hear this appeal.

1. In *Thermtron,* a state court defendant had removed to federal court a diversity action over which federal jurisdiction was clear and conceded. The federal district court remanded the case, however, expressly citing the crowded condition of its docket as the sole reason. The state court defendant petitioned for a writ of mandamus, which the Sixth Circuit found was made unavailable by the express language of 28 U.S.C. § 1447(d).

The Supreme Court reversed and remanded, indicating that § 1447(d)'s prohibition of appellate review applied only when the district court remanded for the reasons cited in 1447(c), which provides in relevant part:

If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case . . . .

The Supreme Court specifically held:

Because the District Court remanded a properly removed case on grounds that he had no authority to consider, he exceeded his statutorily defined power and issuance of the writ of mandamus was not barred by § 1447(d).

423 U.S. at 351, 96 S.Ct. at 593, 46 L.Ed.2d at 554.

2. Although the standard set out in § 1447(c) and tracked in the quoted language from *Thermtron* is in the conjunctive—*i. e.,* is stated as if the district court must find *both* improvident removal and lack of jurisdiction—it is clear that the district court may remand a case improvidently removed even if the defect, *e. g.,* untimeliness under § 1446(b), is not "jurisdictional." *See London v. United States Fire Ins. Co.,* 5 Cir. 1976, 531 F.2d 257, 260:

Thus, even when, as here, jurisdiction exists, the failure to comply with the statutory time requirements is the sort of defect which the District Court was entitled to consider

3. *Cf. Gittman v. Gittman,* 3 Cir. 1971, 451 F.2d 155, in which the appellant had removed a child support action from state court, in which he was the defendant, alleging that the state procedures denied him various constitutional rights. The court stated:

Gittman has . . . failed to make out a case under Section 1441, for on the face of the complaint in this matrimonial controversy there is not a substantial federal question. *Gully v. First National Bank of Meridian,* 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70 (1936). In any case, a decision on removal under § 1441 is not appealable under 28 U.S.C. § 1447(d).

4. The *Thermtron* majority stated:

It is unquestioned in this case . . . that [§ 1447(d)] prohibits review of all remand orders issued pursuant to § 1447(c) whether erroneous or not and whether review is sought by appeal or extraordinary writ. . . . If a trial judge purports to remand a case on the ground that it was removed "improvidently and without jurisdiction," his order is not subject to challenge in the Court of Appeals by appeal, by mandamus or otherwise.

. . . Congress immunized from all forms of appellate review any remand order issued on the grounds specified in § 1447(c), whether or not that order might be deemed erroneous by an appellate court.

423 U.S. at 343, 351, 96 S.Ct. at 589, 593, 46 L.Ed.2d at 549, 554. *Cf. London v. United States Fire Ins. Co., supra* note 2.

. . . except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

28 U.S.C. § 1443 provides in part:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . .

The court below apparently held that § 1443 removal was not proper in this case because "the requisite element of state action" was absent from the state statute being challenged by the Robertsons. Without passing on the validity of that innovative rationale, we find we are able to affirm the remand order on another ground.

In *Johnson v. Mississippi*, 1975, 421 U.S. 213, 95 S.Ct. 1591, 44 L.Ed.2d 121, the Supreme Court relied on *Georgia v. Rachel*, 1966, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925, and *City of Greenwood v. Peacock*, 1966, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944, for the following statement of law:

. . . [A] removal petition under 28 U.S.C. § 1443(1) must satisfy a two-pronged test. First, it must appear that the right allegedly denied the removal petitioner arises under a federal law "providing for specific civil rights stated in terms of racial equality." *Georgia v. Rachel*, 384 U.S., at 792, 86 S.Ct., at 1790. Claims that prosecution. and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice . . .

421 U.S. at 219, 95 S.Ct. at 1595, 44 L.Ed.2d at 128. *See also State of Mississippi v. McCollum*, 5 Cir. 1975, 513 F.2d 285; *Gittman v. Gittman*, 3 Cir. 1971, 451 F.2d 155.

■ We need not advance to the second prong, since the removal petition filed by the Robertsons clearly failed to satisfy the first prong—the federal rights claimed by the Robertsons do not arise under federal law "providing for specific civil rights stated in terms of racial equality."

■ The part of the order remanding the cause removed under § 1443 is affirmed.[5]

APPEAL DISMISSED in part, and AFFIRMED in part.

---

**5.** The exception in § 1447(d)'s prohibition of appellate review for remands of removals effected under § 1443, taken with the power vested in the state court defendant to effect removal solely on his own motion, *see* 28 U.S.C. § 1446(e), might seem to provide a significant loophole which could undermine the general policy of § 1447(d). That policy might be stated thusly: once the federal district court considers the proper factors and decides to remand, the action should go forward in state court without the further delay of appeal, and without regard to whether the federal district court was correct or incorrect. This general policy is discussed in Justice Rehnquist's dissent in *Thermtron*, 423 U.S. 336, 353, 96 S.Ct. 584, 594, 46 L.Ed.2d 542, 555.

The § 1447(d) exception, of course, represents another strong policy: removed actions in which federal rights that are based on laws relating to racial equality cannot be adequately protected in state courts should not be remanded to those state courts, and district court orders effecting such remands should be subject to appellate review on the merits. To insure that the § 1443 exception to § 1447(d) not be used as a dilatory tactic by recalcitrant state court defendants, we can only suggest that this Court will look with favor upon a summary motion to dismiss, as frivolous, an appeal from a remand when the removal purportedly based on § 1443 does not even colorably fall within the strict tests set out in *Johnson, Georgia*, and *Greenwood, supra.*