In re SOUTHWESTERN BELL TELE-
PHONE COMPANY, American Tele-
phone and Telegraph Company, and C. L.
Todd, Petitioners.

No. 76–2237.

United States Court of Appeals,
Fifth Circuit.

July 9, 1976.

Rehearing En Banc Granted
Aug. 3, 1976.

Jack Hebdon, Green & Kaufman, Inc., Hubert W. Green, James E. Barden, San Antonio, Tex., Dewey, Ballantine, Bushby, Palmer & Wood, New York City, for petitioners.

Adrian A. Spears, U. S. Dist. Court Chief Judge, Pat Maloney, San Antonio, Tex., for Gravitt.

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas.

Before GODBOLD, RONEY and GEE, Circuit Judges.

PER CURIAM:

This mandamus proceeding arises out of a tort action commenced in 1974 in Texas state court against Southwestern Bell Tele-

phone Co. (Southwestern), American Telephone and Telegraph Co. (AT&T), and C. L. Todd, an executive of Southwestern. Plaintiffs alleged a variety of causes of action including defamation, contractual interference, and wrongful death, and they sought $29 million in damages. In May 1975 the plaintiffs filed an amended petition dropping their claims against Todd. At that time defendants removed the action to the United States District Court for the Western District of Texas. The District Judge, in denying plaintiffs' motion to remand, accepted jurisdiction on the basis of diversity of citizenship.[1] He evidently based this ruling on the following factual allegations: Plaintiffs were citizens of Texas, Oklahoma, and Florida. Southwestern was a Missouri corporation with its principal place of business in Missouri; AT&T was a New York corporation with its principal place of business in New York; and Todd was a citizen of Texas. Thus dismissal of Todd created complete diversity in the case, justifying removal under 28 U.S.C. §§ 1332, 1441. At the time plaintiffs did not challenge the citizenship of any party.

About a year later, following extensive discovery and pretrial activity in federal court, plaintiffs unearthed a pleading Southwestern had submitted in an unrelated 1968 suit filed in state court in Harris County, Texas. In that earlier proceeding Southwestern had stated under oath that it was "a corporation, duly organized under and by virtue of the laws of the State of Texas, and domiciled in Dallas, Texas, where it has its principal place of business."[2] Plaintiffs in the instant case again moved for a remand, and it was granted. The District Judge invoked the doctrine of judicial estoppel, which he defined by quoting *Long v. Knox*, 155 Tex. 581, 291 S.W.2d 292, 295 (1956): " '[A] party is estopped merely by the fact of having

alleged or admitted in his pleadings in a former proceeding under oath the contrary to the assertion sought to be made.' . . . [I]t is not necessary that the party invoking this doctrine have been a party to the former proceeding." Thus the court, while not actually finding that Southwestern was not a Missouri citizen, held that "under the doctrine of judicial estoppel, Southwestern Bell is estopped to allege its Missouri domicile as a basis for diversity jurisdiction in the instant case." Southwestern now brings this mandamus proceeding to compel the District Judge to retain the case in his court.

■ As a general rule, a federal district court order remanding a removed case to state court "is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). However, the Supreme Court has recently articulated an exception to this principle. In *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), a district judge remanded a removed case because his docket was crowded with high-priority cases that would, in his opinion, unjustly delay plaintiffs' relief if they had to await a trial on the merits in federal court. The Supreme Court held that § 1447(d) did not preclude review in this situation. The Court noted that § 1447(d) had to be construed in conjunction with § 1447(c), which sets forth the only permissible basis for remand: that "the case was removed improvidently and without jurisdiction." Thus, the Court concluded, if a district judge's reason for remanding a case is outside the grounds specified in § 1447(c), as Judge Hermansdorfer's was, the barrier to review in § 1447(d) is also inapplicable, and mandamus is a proper remedy to redress the illegal remand order.

Under *Thermtron Products*, the question before us is purely a legal one:[3] may a district court utilize the doctrine of judicial

---

1. *Gravitt v. Southwestern Bell Tel. Co.*, 396 F.Supp. 948 (W.D.Tex.1975).

2. The pleading was styled a "plea of privilege" and alluded to Southwestern's purported right to "exclusive venue in the county of one's residence, provided by law." Apparently it was an

attempt to have the case transferred from Harris to Dallas County.

3. That is, the question is not whether Southwestern's behavior was so wrongful as to justify invocation of the judicial estoppel doctrine in whatever circumstances that doctrine might

estoppel as the basis for holding that a case was removed "improvidently and without jurisdiction" within the meaning of § 1447(c)? We answer this question in the negative.

■ The scope of the federal removal statutes is a matter of federal law. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 104, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *cf. Mas v. Perry,* 489 F.2d 1396, 1399 (CA5), *cert. denied,* 419 U.S. 842, 95 S.Ct. 74, 42 L.Ed.2d 70 (1974) (diversity of citizenship is a federal question).[4] Federal courts deciding federal issues have applied the judicial estoppel doctrine cautiously, usually confining it to circumstances in which the opposing party took action in reliance upon the estopped party's prior stance.[5] Whatever the scope of the doctrine may be, so far as we have been able to discover it has never been employed to prevent a party from taking advantage of a federal forum when he otherwise meets the statutory requirements of federal jurisdiction. Persons who meet those criteria have a statutory,[6] and

indeed a constitutional,[7] right to resort to the federal courts. A district court has no authority to negate that right simply because such a person has not observed the consistency in pleading that the forum state may demand.[8] Judicial estoppel principles cannot conclusively establish jurisdictional facts. If facts come to light casting significant doubt on the power of a federal court to hear a pending case, it must, of course, re-examine its jurisdiction. Southwestern's 1968 pleading has some probative value as evidence that the company is a citizen of Texas. In light of this newly discovered evidence, the District Court should make a suitable inquiry into the question of whether the parties are truly diverse. We do not express a view one way or the other. We only hold that the problem of jurisdiction must be resolved in accordance with the facts as they are, not as Texas jurisprudence concerning estoppel might deem them to be.

A writ of mandamus will issue directing the District Court to vacate its remand

---

be deemed a legally proper ground of decision. That question need not be considered, just as the Court in *Thermtron Products* did not reach the issue of whether Judge Hermansdorfer's docket really was "too crowded."

In *Robertson v. Ball,* 534 F.2d 63, 65 (CA5, 1976) we found an "express invocation by the district court of the § 1447(c) grounds for remand" in the lower court's recitation that "the action was not 'one of which this [district] court would have had original jurisdiction.'" The text of 28 U.S.C. § 1441(b) makes it clear that the District Court's reasoning in *Robertson* was legally sufficient under § 1447(c). The question in the instant case is whether the respondent's basis for disclaiming jurisdiction was so far removed from what § 1447(c) contemplates that it justifies the extraordinary remedy of mandamus.

4. For this reason *Long v. Knox,* supra, and *Johnson Service Co. v. Transamerican Ins. Co.,* 485 F.2d 165 (CA5, 1973), cases relied on by the respondent, are not controlling authorities here. They were unambiguously founded on the judicial estoppel rules of the state of Texas. "In diversity litigation in the federal courts where nonfederal issues are at stake, probably the *Erie* and *Angel v. Bullington* decisions compel the application of the relevant state formulation of the [judicial estoppel] principle, if any. As to federal issues, however, United States courts are free to follow such doctrine as they

think proper." 1B J. Moore, Federal Practice ¶ 0.405[8] at 771 (1974). *See also Sola Elec. Co. v. Jefferson Elec. Co.,* 317 U.S. 173, 176, 63 S.Ct. 172, 87 L.Ed. 165 (1942).

5. J. Moore, *loc. cit.* at 769–70; *cf. Colonial Refrigerated Transp., Inc. v. Mitchell,* 403 F.2d 541, 550 (CA5, 1968).

6. *Thermtron Products,* 423 U.S. at 345, 96 S.Ct. at 590, 46 L.Ed.2d at 550 & n.9.

7. *Terral v. Burke Constr. Co.,* 257 U.S. 529, 42 S.Ct. 188, 66 L.Ed. 352 (1922).

8. The only case on point that we can find reached a similar conclusion. In *Egerton v. Starin,* 91 F. 932 (C.C.D.Conn.1899), the plaintiff filed suit in state court, describing himself as "William C. Egerton, of said New Haven." The defendant, a citizen of New York, removed the case to federal court, and Egerton moved to remand on the ground that he himself was also a New York citizen. The District Judge refused to accept Egerton's original pleading as conclusive. He granted the motion, holding, *inter alia,* that "[t]he question of residence is to be determined, not merely upon the pleadings in the state court, but upon the allegations of the petition to remand, and the testimony taken thereon."

order and conduct further proceedings not inconsistent with this opinion.

### ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

Before BROWN, Chief Judge, GEWIN, COLEMAN, AINSWORTH, GODBOLD, DYER, CLARK, RONEY, GEE, TJOFLAT and HILL, Circuit Judges.[*]

BY THE COURT:

A member of the Court in active service having requested a poll on the application for rehearing en banc and a majority of the judges in active service having voted in favor of granting a rehearing en banc,

IT IS ORDERED that the cause shall be reheard by the Court en banc with oral argument on a date hereafter to be fixed. The Clerk will specify a briefing schedule for the filing of supplemental briefs.