**James RUSSAW, Plaintiff,**

v.

**VOYAGER LIFE INSURANCE COMPANY, et al.,
Defendants.**

**Civil A. No. 96–T–540–N.**

United States District Court,
M.D. Alabama,
Northern Division.

April 19, 1996.

Jere L. Beasley and Thomas James Methvin, Beasley, Wilson, Allen, Main & Crow, P.C., Montgomery, AL, for plaintiff.

John R. Chiles, Sirote & Permutt, Birmingham, AL, H.E. Nix, Jr., Nix, Holtsford & Vercelli, P.C., Montgomery, AL, Horace G. Williams, Law Offices of Horace Williams, Eufaula, AL, William B. Hairston, III, and Nathan R. Norris, Engel, Hairston & Johanson, P.C., Birmingham, AL, for defendants.

## ORDER

MYRON H. THOMPSON, Chief Judge.

The issue presented to this court is whether there is an exception to the one-year limitation period for removal from state to federal court where a plaintiff has fraudulently kept or retained a defendant in a lawsuit in order to defeat diversity-of-citizenship jurisdiction.

### I.

Plaintiff James Russaw filed this lawsuit in the Circuit Court of Barbour County, Alabama, on February 8, 1995, asserting a number of state-law claims against defendant Voyager Life Insurance Company and others arising out of a loan transaction. The state-law claims included various allegations of fraud. On March 15, 1995, Voyager Life removed this lawsuit from state to federal court, basing removal jurisdiction on federal-question jurisdiction pursuant to 28 U.S.C.A.

§§ 1331, 1441.[1] By order entered on April 11, 1995, this court remanded the lawsuit finding that, although the complaint could turn on a construction of federal law, it did not present a substantial federal question.

On January 9, 1996, Voyager Life removed this lawsuit again to federal court, this time basing removal on diversity-of-citizenship jurisdiction pursuant to 28 U.S.C.A. §§ 1332, 1441.[2] By order entered on March 5, 1996, this court remanded this lawsuit again, holding that, although Russaw had entered into a settlement with two non-diversity defendants, the settlement was not "final enough to support removal." *Chohlis v. Cessna Aircraft Co.*, 760 F.2d 901, 903 n.2 (8th Cir.1985).

On March 28, 1996, Voyager Life initiated the current phase of this litigation in federal court when it removed this lawsuit for a third time, alleging that the settlement had become sufficiently final to support removal based on diversity-of-citizenship jurisdiction. Russaw has responded with another motion to remand, this time contending that the removal is not timely.

### II.

This lawsuit must be remanded again because Voyager Life's notice of removal was not filed within one year of commencement of the action. Under 28 U.S.C.A. § 1446(b), "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." Voyager Life claims, however, that the one-year limitation should not apply where a plaintiff has fraudulently kept or retained a defendant in a lawsuit in order to defeat diversity of citizenship because such a limitation would allow a plaintiff to subvert diversity jurisdiction by fraud. Voyager Life maintains that it only had grounds to prove the fraud after Russaw had dismissed the diversity-destroying resident defendants, after the one-year limitation period on removal had run.

■ The court finds that Congress did not intend to except fraudulent joinder, including

**1.** *Russaw v. First Franklin Financial Corporation,* civil action no. 95–T–353–N (M.D.Ala.).

**2.** *Russaw v. First Franklin Financial Corporation,* civil action no. 96–T–044–N (M.D.Ala.).

fraudulent retention, cases from the one-year limitation on removal. First, the language of § 1446(b) contains no exceptions to the one-year limitation. Second, although the legislative history did not specifically address fraudulent joinder, Congress intended that administrative expediency in allowing a case to proceed to trial in state court should outweigh the necessity of access to diversity jurisdiction. The need for hearing the case in federal court is less compelling in a diversity case because state law forms the basis for the claims.

The House Report on § 1016(b)(2) of the Judicial Improvements and Access to Justice Act, P.L. 100–702, which contained the amendment to § 1446, explained the purpose of the one-year limit:

> "Subsection (b)(2) amends 28 U.S.C. § 1446(b) to establish a one-year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court. The result is a modest curtailment in access to diversity jurisdiction. The amendment addresses problems that arise from a change of parties as an action progresses toward trial in state court. The elimination of parties may create for the first time a party alignment that supports diversity jurisdiction. Under section 1446(b), removal is possible whenever this event occurs, so long as the change of parties was voluntary as to the plaintiff. Settlement with a diversity-destroying defendant on the eve of trial, for example, may permit the remaining defendants to remove. Removal late in the proceedings may result in substantial delay and disruption."

H.R.Rep. No. 889, 100th Cong., 2d Sess. (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 6032–33.

Thus, Congress accepted a "modest curtailment in access to diversity jurisdiction" in exchange for avoiding "substantial delay and disruption" after "substantial progress has been made in state court." *Id.* Congress chose a one-year time period as indicating

that substantial progress had been made. Congress explicitly noted that settlement with a diversity-destroying defendant on the eve of trial would create diversity but should nevertheless not allow removal if the case had been commenced more than a year earlier. Under § 1446(b), therefore, a defendant has only one year to uncover any fraudulent effort to defeat diversity jurisdiction. If the defendant cannot do so within that time period, then the focus of the litigation should be on the merits rather than the proper forum.

■ Even if a defendant's allegations of fraudulent joinder are correct, the purpose of § 1446(b) is to allow the case to go to trial. This purpose is relevant here, as the case had been pending in state court for over one year when Voyager Life filed its third notice of removal. The purpose of § 1446(b) is similar to the purpose of 28 U.S.C.A. § 1447(d), which provides that an order remanding a case to state court is generally not reviewable on appeal. In both situations, the case should go forward in state court without delay, regardless of whether diversity jurisdiction was in fact present. *See Robertson v. Ball,* 534 F.2d 63, 66 n.5 (5th Cir.1976) ("[O]nce the federal district court considers the proper factors and decides to remand, the action should go forward in state court without the further delay of appeal, and without regard to whether the federal district court was correct or incorrect.") [3]

■ Voyager Life's initial attempts at removal within one year do not alter the outcome. As another court facing a similar situation stated, "If the defendant is unable to prove fraudulent joinder, it should not remove a case that will be remanded simply to preserve the removal right indefinitely." *Jones v. Chrysler Corp.,* No. 93–0243–B–M (S.D.Ala. Apr. 12, 1993). Also, as noted above, a defendant has only one year to uncover a fraudulent effort to defeat diversity jurisdiction. If the defendant has tried to do so but failed and one year has elapsed since the commencement of the suit, the focus of the litigation should be on the merits rather than on the proper forum.

---

**3.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Because Voyager Life failed to remove this lawsuit within one year of commencement of the action as required by 28 U.S.C.A. § 1446(b), it must be remanded.

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff James Russaw's motion to remand, filed on April 9, 1996, is granted, and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Barbour County, Alabama.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.