**Dwight SASSER, Plaintiff,**

v.

**FORD MOTOR COMPANY, Defendant.**

**No. CIV. A. 00–T–638–N.**

United States District Court,
M.D. Alabama,
Northern Division.

Jan. 12, 2001.

Michael E. Jones, Luverne, AL, Jere L. Beasley, J. Greg Allen, Richard D. Morrison, Beasley, Allen, Crow, Methvin, Portis & Miles, PC, Montgomery, AL, for Plaintiff.

Harlan I. Prater, IV, Jere F. White, Jr., William O.L. Hutchinson, Lightfoot, Franklin & White, L.L.C., Birmingham, AL, for Defendant.

## ORDER

MYRON H. THOMPSON, District Judge.

Plaintiff Dwight Sasser filed this lawsuit in Alabama state court against, among others, defendant Ford Motor Company alleging state-law claims. After the state court dismissed the other defendants, Ford removed the lawsuit to this court under 28 U.S.C.A. § 1441(a), based on diversity jurisdiction, 28 U.S.C.A. § 1332. This lawsuit is currently before the court on Sasser's motion to remand. For the reasons that follow, the court will grant the motion.

## I. FACTUAL SUMMARY

The facts, as alleged by Sasser, are as follows: On July 3, 1998, while driving a 1992 Ford Escort, LeAnna Sasser Stubbs collided with a vehicle driven by Mary Rayborn Shultz.[1] Stubbs died from injuries she sustained in the collision.

On July 31, 1998, Sasser, administrator of Stubbs's estate and an Alabama resident, filed a complaint in the Circuit Court of Crenshaw County, Alabama against Shultz, an Alabama resident, and State Farm Mutual Automobile Insurance Company, a foreign corporation. In his complaint, Sasser alleged negligence and wantonness against Shultz and a claim for payment of insurance benefits against State Farm.

Sasser filed an amended complaint on October 12, 1999.[2] In his amended complaint, Sasser added Ford, a foreign corporation, as a defendant. Sasser's amended complaint adds claims for negligence and wantonness and a claim under the Alabama Extended Manufacturer's Liability Doctrine, see Casrell v. Altec Indus., Inc., 335 So.2d 128, 132–33 (Ala.1976); Atkins v. American Motors Corp., 335 So.2d 134, 141 (Ala.1976), against Ford.

On March 3, 2000, the state-court judge entered an order dismissing Sasser's claim

---

1. The parties sometimes spell "Shultz" "Schultz."

2. Ford contends that Sasser filed his amended complaint on October 8, 1999, not October 12, 1999, as alleged by Sasser. The copies of the amended complaint submitted by the parties are not stamped with a filing date. For purposes of Sasser's motion to remand, however, it is irrelevant which of the two dates is the correct filing date. But to give Ford the benefit of the doubt, the court will assume that Sasser's amended complaint was filed on October 12, 1999.

against State Farm. Similarly, on March 21, 2000, the state-court judge dismissed Sasser's claims against Shultz. As a result, Ford is the sole remaining defendant in this lawsuit.

Ford filed a notice of removal on May 17, 2000. The following month, on June 15, 2000, Sasser filed a motion to remand.

## II. DISCUSSION

■ The only issue presented by Sasser's motion to remand is whether Ford timely filed its notice of removal.[3]

28 U.S.C.A. § 1446(b) limits the time period within which a party may remove a lawsuit to federal court. The statute provides, in relevant part:

"If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action."

28 U.S.C.A. § 1446(b). Under § 1446(b), a defendant who seeks to remove a lawsuit that is not initially removable but later becomes removable based on diversity jurisdiction must satisfy two requirements. First, the defendant must file its notice of removal within 30 days after it receives a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the lawsuit is removable. *See id.* And, second, the defendant must file its notice of removal no more than one year after commencement of the action. *See id.*

Because Sasser's original complaint did not present a federal question and named a non-diverse defendant, his lawsuit was not removable initially. The lawsuit became removable, based on diversity jurisdiction, only after the state court dismissed Shultz, the non-diverse defendant. Even so, Sasser contends that Ford has not satisfied either requirement of § 1446(b) and, therefore, remand is proper. Because the court concludes that Ford has failed to meet § 1446(b)'s one-year requirement, it does not reach the issue of whether Ford met the 30–day requirement.

Sasser argues that, because Ford filed its notice of removal almost 22 months after he filed his original complaint, Ford's notice of removal was filed over one year after the commencement of the action and, therefore, is untimely. On the other hand, Ford contends that the action did not commence as to it until October 12, 1999, the date Sasser filed his amended complaint adding Ford as a party. Because it filed its notice of removal seven months later, on May 17, 2000, Ford argues, it filed its notice of removal within one year of the commencement of the action.

As the court sees it, the parties' contentions initially present a question of statutory construction. If the words in § 1446(b)—"a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action"—mean within one year of the commencement of the initial action, that is, the filing of the original complaint, then Sasser prevails, because this action was commenced on July 31, 1998, but the removal notice was not filed until May 17, 2000. However, if the words mean within one year of the commencement of the action as to Ford only, then Ford wins, assuming the commencement date of the action is when Ford was added as a party on October 12, 1999.[4]

---

3. The parties agree that there is diversity of citizenship between Sasser and Ford and that the amount in controversy exceeds $75,000.

4. Some courts have viewed the commencement of the action as to a party to be either the date of the amendment adding the party or, if there is a relation back, the date of the

For several reasons, this court concludes that the former interpretation is more appropriate. First, because "removal statutes are construed narrowly," that is, "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand," *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994), the term "commencement of action" should be understood to refer to commencement of the action initially, and not as to any later addition of a particular party or claim.

Second, if Congress had wanted § 1446(b) to be claim or party specific, it could have worded the provision to make it so. The provision could have read that "a case may not be removed by a party on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action against that party." Because Congress did not do this, the court should not reword the statute to make it read this way.

Third, although the legislative history of § 1446(b) does not specifically address the circumstance presented here, the thrust of the comments in that history support the court's approach. The House Report on § 1016(b)(2) of the Judicial Improvements and Access to Justice Act, P.L. 100–702, which contained the amendment to § 1446, explained the purpose of the one-year limit:

"Subsection (b)(2) amends 28 U.S.C. § 1446(b) to establish a one-year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court. The result is a modest curtailment in access to diversity jurisdiction. The amendment addresses problems that arise from a change of parties as an action progresses toward trial in state court. The elimination of parties may create for the first time a party alignment that

supports diversity jurisdiction. Under section 1446(b), removal is possible whenever this event occurs, so long as the change of parties was voluntary as to the plaintiff. Settlement with a diversity-destroying defendant on the eve of trial, for example, may permit the remaining defendants to remove. Removal late in the proceedings may result in substantial delay and disruption."

H.R.Rep. No. 889, 100th Cong., 2d Sess. (1988), reprinted in 1988 U.S.C.C.A.N. 5982, 6032–33. It is apparent from this language that Congress was not concerned with the status of particular claims or parties in a lawsuit but rather with the status of the overall lawsuit, that is, whether the event triggering removal occurs "after substantial progress has been made in state court." The one-year limit is a prophylactic measure intended to prevent "substantial delay and disruption" due to "change in parties as an action progresses toward trial in state court." After a certain period of time, a "change in parties" should no longer justify removal.

"Congress accepted a 'modest curtailment in access to diversity jurisdiction' in exchange for avoiding 'substantial delay and disruption' after 'substantial progress has been in state court.'" *Russaw v. Voyager Life Insurance Company*, 921 F.Supp. 723, 725 (M.D.Ala.1996) (Thompson, J.) (quoting H.R.Rep. No. 889, 100th Cong., 2d Sess. (1988), reprinted in 1988 U.S.C.C.A.N. 5982, 6032–33.) "Congress intended that administrative expediency allowing a case to proceed to trial in state court should outweigh the necessity of access to diversity jurisdiction." *Id.* Cases should no longer commute back and forth between federal and state courts as parties and claims are added and dismissed; instead, after one year, even in those instances where diversity jurisdiction is

---

original filing of the lawsuit. Thus these courts look to whether there is a relation back under the appropriate state rules of civil procedure. *See, e.g.,* Ala.R.Civ.P. 15(c); *Barnett*

*v. Sylacauga Autoplex,* 973 F.Supp. 1358, 1363 (N.D.Ala.1997) (Propst, J.). Here, the court will give Ford the benefit of the doubt and will assume that there is no relation back.

present, the cases should simply come to rest in one forum and go to trial.

Finally, the purpose of the one-year requirement in § 1446(b) is similar to the purpose of 28 U.S.C.A. § 1447(d), which provides that an order remanding a case to state court is generally not reviewable on appeal. As this court explained in *Russaw*, "In both situations, the case should go forward in state court without delay, regardless of whether diversity jurisdiction was in fact present. *See Robertson v. Ball*, 534 F.2d 63, 66 n. 5 (5th Cir.1976) ('[O]nce the federal district court considers the proper factors and decides to remand, the action should go forward in state court without the further delay of appeal, and without regard to whether the federal district court was correct or incorrect.')." 921 F.Supp. at 725.

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff Dwight Sasser's motion to remand, filed on June 15, 2000, is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Crenshaw County, Alabama.

It is further ORDERED that the motion for judgment on the pleadings or, in the alternative, motion for summary judgment, filed by defendant Ford Motor Company on December 29, 2000, is left for resolution by the state court after remand.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

The clerk of the court is DIRECTED to furnish a copy of this order to counsel for the parties by facsimile transmittal.