# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-41027
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 15, 2018

Lyle W. Cayce
Clerk

SHELLY N. SANDERS; KEN PAXTON; S. A. W., a Child,

Plaintiffs - Appellees

v.

ROCKEY D. WRIGHT,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:17-CV-131

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Rockey D. Wright, proceeding *pro se*, challenges the district court's denying his motion for relief following its remanding his child-custody action to state court after Wright removed it, pursuant to 28 U.S.C. § 1443. Wright claims the action was removable because he "is denied or cannot enforce" his constitutional rights in state court. 28 U.S.C. § 1443(1).

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-41027

Although a remand order in a removed case is ordinarily not appealable, such an order is appealable if the action was removed pursuant to 28 U.S.C. § 1443, which permits removal in cases where constitutional rights cannot be enforced in state court. 28 U.S.C. § 1447(d); *Robertson v. Ball*, 534 F.2d 63, 66 (5th Cir. 1976). On the other hand, "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement". *Bowles v. Russell*, 551 U.S. 205, 214 (2007). An appellant has 30 days from "entry of the judgment or order appealed from" or the disposition of a timely post-judgment motion to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A) & (4)(A).

Along that line, Wright filed a Federal Rule of Civil Procedure 59(e) motion to alter or amend the judgment 31 days after the court entered its remand order, past the 28-day motion deadline. Fed. R. Civ. P. 59(e). Wright's untimely Rule 59(e) motion became, in substance, a motion for relief under Rule 60(b). *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir. 1986) (en banc) ("If . . . the motion asks for some relief other than correction of a purely clerical error and is served after the ten-day limit, then Rule 60(b) governs its timeliness and effect."). Wright's notice of appeal is timely, therefore, only as to the denial of his Rule 60(b) motion and not the remand order. "We review the denial of a Rule 60(b) motion for abuse of discretion." *Clark v. Davis*, 850 F.3d 770, 778 (5th Cir. 2017).

The court did not abuse its discretion in denying relief because Wright's challenge to the remand order is frivolous. Removal pursuant to 28 U.S.C. § 1443 is proper only for cases involving "a limited category of [constitutional] rights, specifically defined in terms of *racial* equality". *Georgia v. Rachel*, 384 U.S. 780, 791 (1966) (emphasis added); *Robertson*, 534 F.2d at 66 & n.5.

Recognizing this is a child-custody action, Wright concedes none of his wide-ranging constitutional claims are based on racial inequality; instead, he

No. 17-41027

asserts the controlling law is, *inter alia*: "unconstitutionally repugnant . . . ridiculously illogical and . . . facially absurd". Even considering his proceeding *pro se*, Wright's assertions are irrelevant and fail to present a good-faith contention for removal jurisdiction under 28 U.S.C. § 1443. Accordingly, his appeal is dismissed as frivolous. *Robertson*, 534 F.2d at n.5.

Moreover, in this proceeding, Wright accused state judges and administrators of criminal conspiracy, and insulted the federal magistrate judge and district judge. "This court simply will not allow liberal pleading rules and pro se practice to be a vehicle for abusive documents." *Theriault v. Silber*, 579 F.2d 302, 303 (5th Cir. 1978). Accordingly, Wright is warned that future frivolous filings, or filings containing abusive, disparaging, or contemptuous language, could result in the imposition of monetary sanctions and limits on his access to the federal courts. Fed. R. App. P. 38; *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) ("Federal courts possess certain inherent powers, [including imposing sanctions,] not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." (internal quotation marks omitted)).

DISMISSED; WARNING ISSUED.