**Robert R. CALDWELL, Plaintiff,**

v.

**MONTGOMERY WARD & COMPANY, Inc., Defendant.**

**Civ. A. No. 14397.**

United States District Court
S. D. Texas,
Houston Division.

July 26, 1962.

Robert A. Scardino, Houston, Tex., for plaintiff.

Baker, Botts, Shepherd & Coates (Sam B. Puckett), Houston, Tex., for defendant.

INGRAHAM, District Judge.

On March 24, 1961, plaintiff, a resident of Texas, brought suit in the District Court of Harris County, Texas, against Houston and North Texas Motor Lines, Inc., a Texas corporation, and Montgomery Ward & Company, Inc, a corporation organized and having its principal place of business in Illinois. The complaint alleged that plaintiff had been injured by defendants' negligence and stated the amount in controversy to be $15,000.

Montgomery Ward answered the complaint. Thereafter plaintiff amended its original petition joining the Houston Coca Cola Bottling Co., Inc., a Texas corporation, and William Fonda, a resident of Texas, as additional defendants and dismissing the case against the Houston and North Texas Motor Lines, Inc.

On June 25, 1962, pursuant to motion by plaintiff, the state court entered an order dismissing the case against William Fonda and the Houston Coca Cola Bottling Co., Inc., leaving Montgomery Ward as the sole defendant. On the same day Montgomery Ward moved under 28 U.S.C.A. §§ 1446 to remove the case to the federal court. Plaintiff now moves to remand the case to the state court on the following grounds: (1) the amount in controversy is not over the sum of $10,000 necessary to give the federal court jurisdiction in a diversity of citizenship case; (2) defendant has waived its right to remove by defending the action in state court. Both of these contentions are without merit and the motion to remand is therefore denied.

First, Sec. 1446(e), supra, states that removal shall be effected at the time when written notice has been given to the adverse party and a copy of the removal petition filed with the clerk of the state court. After removal the state court is deprived of jurisdiction to proceed with the case. 1 Moore's Federal Practice, Sec. 0.168, p. 1306 (2nd Ed.); Lowe v. Jacobs (5th Cir. 1957), 243 F.2d 432. In the case at bar plaintiff moved in the state court to reduce the amount in controversy to $7,500. But he did so after the defendant had effected removal which made such action a nullity.

Second, a defendant can waive its right to remove only by actions done after the case in question becomes removable. Waldron v. Skelly Oil Co., 101 F.Supp. 425, (E.D.Mo.1951). Here the case did not become removable until the state court issued an order dismissing plaintiff's suit against the parties joined with defendant who were residents of the same state as plaintiff. After that order defendant did nothing that lost for it the right to remove.

Plaintiff's motion to remand will be denied. The clerk will notify counsel to draft and submit appropriate order.