**BOARD OF COUNTY COMMISSIONERS OF DADE COUNTY, FLORIDA, etc.,**
Plaintiff,

v.

**BLOUNT BROTHERS CORPORATION**
et al., Defendants.

Civ. No. 72-1269.

United States District Court,
S. D. Florida,
Miami Division.

Sept. 25, 1972.

John F. Spellacy, of DiGiulian & Spellacy, Fort Lauderdale, Fla., for plaintiff.

Karl V. Hart, of Shutts & Bowen, Miami, Fla., and Bradley, Arant, Rose & White, Birmingham, Ala., for defendants Blount Bros. Corp. and U.S.F.&G.

**ORDER DENYING MOTION
TO REMAND**

ATKINS, District Judge.

This cause came before the Court on plaintiff's motion to remand the proceedings to the state court from which they were removed. The memoranda submitted by both parties have been carefully studied by the Court, and, for the reasons discussed below, the motion to remand must be denied.

Concisely stated, this diversity suit involves an attempt by the Dade County Board of Commissioners to recover from Blount Brothers Corporation (Blount) and United States Fidelity & Guaranty Company (U.S.F.&G.) the sum of $327,825.00, such money to be for the

use and benefit of Industrial Contracting Company, a subcontractor of Blount Brothers. In the state court action, filed on April 10, 1972, that was the predecessor of this action, the defendants in addition to Blount and U.S.F. &G. included John Greenleaf, Greenleaf/Telesca, Kellerman-Dragnett-Hufsey-Nicolaides, Inc., Greenleaf/Telesca-Kellerman & Dragnett, Inc., and National Airlines, Inc., all of whom were Florida citizens for the purposes of 28 U.S.C. § 1332 (1972). Thereafter, on August 2, 1972, a voluntary notice of dismissal was filed as to the five Florida citizens mentioned above, and this removal petition was filed in Federal Court on August 10, 1972.

From the facts detailed above, it is clear that the petition for removal was filed after the expiration of the thirty (30) days allowed by 28 U.S.C. § 1446(b)(1972) unless for some reason the second paragraph of that subsection governs this cause. That provision reads:

> If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(1972).

Defendant-petitioner alleges necessarily that the voluntary dismissal of the Florida citizens makes the entire case removable under Section 1441(b) of Title 28 of the United States Code since following that dismissal ". . . none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(1972).

Plaintiff-respondent counters this assertion by alleging that Count I of the complaint, sounding in contract, concerned only the defendants Blount and U.S.F. &G., and therefore was removable under § 1441(c) providing for removal of a "separate and independent claim or cause of action, which would be removable if sued upon alone. . . . " 28 U.S.C. § 1441(c)(1972). Further, the plaintiff notes that Count II could also have been removed along with Count I under that same subsection which states that "the entire case may be removed and the district court may determine all issues therein. . . ." 28 U.S.C. § 1441(c)(1972). The failure of defendants to timely file, asserts the plaintiff, forecloses the attempted removal at this late date. The question put squarely before this Court, then, is whether or not the first count of the complaint was removable at the date of filing the action in the state court.

It is necessary to first look at the complaint itself to see exactly what relief was sought in the first count. In that count plaintiff attempts to recover $327,825.00 claimed to be due to Industrial Contracting for work on the National Airlines Parking Structure and Hanger at Miami International Airport. In the body of the count the only defendants mentioned or referred to were Blount and U.S.F.&G., with the thrust of the count being a detailed explanation of the contractual relationship between these two defendants and the plaintiff. It is true that both the introduction and the conclusion of the first count appear to apply to all defendants,[1] but that technicality is not necessary for the decision in this instance. The inclusion of these "magic words" may be considered precatory or boilerplate but to this Court they are merely cumulative evi-

---

1. The introduction of Count I reads as follows: "COMES NOW the plaintiff, and as and for its first cause of action against *Defendants, and each of them,* states and alleges that: . . . . " (emphasis added) The conclusion also seems to include all of the defendants. "WHEREFORE, plaintiff, Industrial, demands judgment on its first cause of action against the *Defendants, and each of them. . . .* " (emphasis added).

dence of the result that was actually intended.

The Court prefers to rely instead on the ground that the two counts comprising the complaint in the State court were not "separate and independent" within the meaning of 28 U.S.C. § 1441(c). The first count of the complaint seeks to recover monetary damages from Blount and U.S.F.&G. for failure to comply with the contractual relationship between the parties, and the second count seeks to attach liability onto all of the defendants for negligently preparing the plans and specifications on which Industrial relied in making its bid, with the result being that Industrial submitted a bid that was insufficient to cover all of the costs that defendants knew would be incurred in the execution of the contract.

This Court is guided by the principles set down by the Supreme Court in American Fire & Casualty Co. v. Finn, 341 U.S. 6, 13–14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951), where in discussing the plaintiff's claim for damages against either of two insurers for failure to pay for damages resulting to Finn's property the Court concluded:

> Considering the previous history of "separable controversy," the broad meaning of "cause of action," and the congressional purpose in the revision resulting in 28 U.S.C. § 1441(c), 28 U.S.C.A. § 1441(c), we conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c). (footnote omitted).

The Fifth Circuit has followed this decision in several cases. *See* Jett v. Zink, 362 F.2d 723, 730 (5th Cir. 1966); Edwards v. E. I. Du Pont De Nemours & Co., 183 F.2d 165 (5th Cir. 1950); and Bentley v. Halliburton Oil Well Cementing Co., 174 F.2d 788 (5th Cir. 1949). See also 1A Moore's Federal Practice ¶0.163[4.–5] (1972).

This Court finds that the plaintiff is complaining about a single wrong—the failure to pay the amount of money it felt was due for the work on the parking ramp and hanger. The counts allege what must be considered "an interlocked series of transactions" if that phrase has any meaning at all. American Fire & Casualty Co. v. Finn, *supra*, 341 U.S. at 14, 71 S.Ct. at 540. I find, therefore, that this action was not removable under § 1446(c) until the voluntary dismissal was filed by the plaintiff. Such being the facts, the removal here was timely under § 1446(b) and the motion to remand shall be and it hereby is denied.