**LABURNUM CONSTRUCTION CORPORATION**

v.

**REVENUE SYSTEMS, INC., et al.**

**Civ. A. No. 426–72–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Nov. 3, 1972.

▆

Joseph M. Spivey, III, Richmond, Va., for plaintiff.

John W. Moore, III, Williams, Mullen & Christian, Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

This matter presents a removal question under 28 U.S.C. § 1441. On July 14, 1972, Laburnum Construction Corporation (Laburnum), filed a Motion for Judgment in this case with the Hustings Court for the City of Richmond, Part II. On August 16, 1972, defendants, Revenue Systems, Inc. (Revenue), Michael J. Ventura (Ventura) and Stanley A. Kroll (Kroll), filed a Petition for Removal in this Court and defendant Vernon M. Neblett (Neblett) filed a Joinder and Petition of Affidavit in this Court. Defendants' grounds for removal as stated in the Petition for Removal are as follows: (1) that complete diversity exists pursuant to 28 U.S.C. § 1332 because defendant, Neblett, a resident of Virginia, was fraudulently joined as a party defendant in order to defeat diversity; (2) that pursuant to 28 U.S.C. § 1441(c) separate and independent claims and causes of action have been asserted with respect to non-resident defendants which grant this Court jurisdiction over the entire case. In response, Laburnum has moved herein to remand, and the ju-

risdiction of the Court with respect to said motion is attained by virtue of 18 U.S.C. §§ 1441, 1447. The parties have submitted memoranda in support of their respective positions upon which the Court deems the issues herein ripe for disposition.

In its Motion for Judgment, Laburnum states four causes of action:

1. Count I—A claim for breach of contract against corporate defendant, Revenue Systems, Inc. [CONTRACT]

2. Count II—A statutory claim for injury to business reputation under § 18.1–74.1 of the Code of Virginia (1950), as amended, against all defendants. [TORT]

3. Count III—Punitive damages arising from malicious breach of contract against Revenue Systems, Inc. [TORT]

4. Count IV—A claim for conspiracy to induce a breach of contract against all defendants. [TORT]

In moving for remand, Laburnum contends that defendant Neblett's presence herein as a proper party defendant defeats diversity jurisdiction. Accordingly, it claims that absent this Court's original jurisdiction under the diversity provision, removal pursuant to 28 U.S.C. § 1441(a) is foreclosed. Section 1441(a) provides:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Laburnum further contends that removal pursuant to 28 U.S.C. § 1441(c) is also barred. That section reads as follows:

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be re-moved and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

Laburnum argues that its four claims against the various defendants are not "separate and independent" causes of action, so that removal to this Court cannot be made pursuant to § 1441(c). Absent the authority of either of these sections, Laburnum urges that removal was without basis and that the action should be remanded to the state courts.

The defendants advance two arguments *contra*. First, they allege that Neblett is not a proper party defendant, and that the sole purpose of naming him as such was to bar diversity jurisdiction. Because the joinder of Neblett was allegedly fraudulent, the defendants argue that diversity jurisdiction does properly lie and that removal therefore is proper under § 1441(a). Defendants also claim that separate and independent claims exist herein against the other defendants so that removal of the entire action is authorized by § 1441(c).

Disposition of these matters turns on two issues as raised by the parties: (1) Is Neblett a proper party defendant? (2) Has Laburnum stated separate and independent claims against the nonresident defendants?

*Proper Party Defendant*

██ The test generally recognized by the federal courts in determining whether a party defendant has been fraudulently joined to defeat diversity is succinctly stated in Quinn v. Post, 262 F.Supp. 598, 603 (S.D.N.Y.1967):

A joinder may be fraudulent and sham if the allegations in the plaintiffs' pleading with reference to the resident defendants are shown to be so clearly false and fictitious that no factual basis exists for an honest belief on the part of the plaintiff that there is liability—in short, that the joinder is without any reasonable basis in fact and is made without any

purpose to prosecute the cause in good faith against them.

See, Wilson v. Republic Steel Corp., 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921). The further determination of whether there is a good faith theory of liability alleged is to be made with reference to the law of the forum state. See, Parks v. N. Y. Times Co., 308 F.2d 474 (5th Cir. 1962). Although it is apparently unsettled as to whether the Court may rely solely on the pleadings or require the production of other evidence upon a hearing in order to make that determination, the parties herein agree that said determination can be made on the face of the pleadings and the Court shall do so.

The sole claim alleged against Neblett is contained in Count IV of Laburnum's Motion for Judgment, wherein it is alleged that all defendants conspired to induce the breach of contract complained of. In support of Count IV Laburnum states:

(8) Despite the valid and binding contract then existing between the parties, Revenue Systems' project manager, Vernon M. Neblett, acting within the scope of his employment and at the direction of Ventura and Stanley L. Kroll (Kroll), vice president of Revenue Systems, solicited information from Laburnum's various subcontractors and material suppliers to determine Laburnum's costs in performing the work, to coerce Laburnum into accepting another contract for a lower price, or to use the information as a basis to attract another contractor to construct the utility building at a price less than that agreed upon in the contract between Laburnum and Revenue Systems.

■■ Virginia law does recognize a theory of liability based upon conspiracy to breach a contract. Worrie v. Boze, 198 Va. 533, 95 S.E.2d 192 (1956). Without passing on the merits of the conspiracy claim as to Neblett, the Court does find that Laburnum has stated a claim against him which is neither "clearly false and fictitious" nor "without factual basis" on its face. Laburnum has stated a colorable claim so that it cannot be said that the joinder is fraudulent.

Accordingly, Neblett is a proper party defendant and diversity thereby fails. Removal pursuant to § 1441(a) is therefore foreclosed.

*Separate and Independent Cause of Action*

■ The issue remains therefore as to whether removal is authorized pursuant to § 1441(c). The landmark case on § 1441(c) is American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). The Supreme Court stated with an eye to limiting removal jurisdiction that Congress used the terms "separate and independent claims" to mean separate causes of action, each of which is addressed to a "single wrongful invasion of a primary right of the plaintiff". 341 U.S. at 13, 71 S.Ct. at 540. The Court added, 341 U.S. at 12, n. 5, 71 S.Ct. at 539, "We think the 'claim' set out in a petition [for removal] states the facts upon which the 'cause of action' rests." Restated, one pattern of facts gives rise to one cause of action only. This is confirmed in the Court's language:

[W]here there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c). American Fire & Cas. Co. v. Finn, *supra*, 14 71 S.Ct. 540.

Laburnum's petition for judgment has alleged four theories of liability, but under the *Finn* test, *supra*, it has not alleged separate claims. The suit herein arises out of an "interlocked series of transactions," separate parts of which serve as the basis for Laburnum's separate theories of liability. There is but one "primary right" that has allegedly been violated, that being Laburnum's contract right which was allegedly breached. Basically, there being one

pattern of facts and one wrong complained of, there is but one cause of action. Under the rule of *Finn, supra*, removal under § 1441(c) is improper.

Accordingly, the Court finds that removal is not proper under either of the grounds alleged. The motion to remand shall be granted.

An appropriate order shall issue.