Mrs. Oleta GRAVITT, Individually and as Executrix of the Estate of T. O. Gravitt, Deceased, et al.

v.

SOUTHWESTERN BELL TELEPHONE CO., and American Telephone and Telegraph Company.

James H. ASHLEY

v.

SOUTHWESTERN BELL TELE-PHONE CO. et al.

Civ. A. No. SA75CA117.

United States District Court, W. D. Texas, San Antonio Division.

June 5, 1975.

Pat Maloney, San Antonio, Tex., for plaintiff.

Jack Hebdon, Hubert W. Green, James E. Barden, San Antonio, Tex., for defendant; Dewey, Ballantine, Bushby, Palmer & Wood, New York City, of counsel.

## ORDER DENYING MOTION TO REMAND

SPEARS, Chief Judge.

This matter involves the motion of the plaintiffs, Mrs. Oleta Gravitt, individually and as Executrix of the Estate of T. O. Gravitt, Deceased, Michael Gravitt, Patrick Gravitt, and James H. Ashley, to remand this cause to the 166th Judicial District Court of Bexar County, Texas.

The lawsuit was initially instituted by the above named plaintiffs on November 15, 1974, in the 57th Judicial District Court of Bexar County, Texas, against Southwestern Bell Telephone Company, American Telephone & Telegraph Company, and C. L. Todd. The original petition set forth six causes of action on behalf of the plaintiffs, to wit: (1) the alleged invasion of privacy of each plaintiff by the defendants; (2) an alleged conspiracy entered into by the defendants; (3) the alleged defamation, libel and slander of each plaintiff by the defendants; (4) the alleged exercise of duress and economic coercion to the detriment of each plaintiff; (5) the alleged unlawful business interference by the defendant, C. L. Todd, to the detriment of both plaintiffs; and (6) the alleged wrongful death of the plaintiff T. O. Gravitt on the part of all defendants named therein.

On or about April 24, 1975, the State District Court heard the defendant's motion for severance or separate trials of the claims and causes of action brought by the Gravitt plaintiffs, and the claims and causes of action brought by the plaintiff James H. Ashley. The motion for severance was denied but the motion for separate trials was granted. On or about May 1, 1975, the defendants, Southwestern Bell Telephone Company and American Telephone and Telegraph Company, were served with the Gravitt plaintiffs' first amended petition, which omitted C. L. Todd as a defendant with respect to the Gravitt claims and causes of action. Additionally, the cause of action asserted in the original petition regarding the alleged unlawful business interference by the defendant C. L. Todd was also omitted. The effect, therefore, of the filing of the amended petition was to create diversity of citizenship as to the Gravitt claims and the causes of action, pursuant to 28 U.S.C. § 1332, since the plaintiffs on the one hand, and the defendants on the other are citizens of different states, and the ad damnum clause of the amended petition considerably exceeds the $10,000 amount in controversy necessary to confer diversity jurisdiction upon this Court under said statute.

Thereafter, on May 8, 1975, the defendants, Southwestern Bell Telephone Company and American Telephone & Telegraph Company, filed their Petition for Removal of these causes to this Court, in which they contended that this entire cause should be removed in accordance with 28 U.S.C. § 1441(c), which provides that "[w]henever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein."

■ This Court is of the opinion, and so finds, that the causes of action asserted by the Gravitt plaintiffs, and the causes of action alleged by the plaintiff, James H. Ashley, constitute more than a mere recitation of facts; rather, they comprise the alleged unlawful invasion of numerous primary rights inuring to the sole benefit of each plaintiff as shown by the facts. *American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 13, 71 S.Ct. 534, 95 L.Ed. 702 (1951); *Herrmann v. Braniff Airways,* 308 F.Supp. 1094, 1099 (S.D.N.Y.1959); and *Scheideler v. Jones,* 105 F.Supp. 726, 727 (S.D.N.Y.1952). Therefore, the causes of action are "separate and independent", and the language of Section 1441(c) is plainly applicable. See also: *Jett v. Zink,* 362 F. 2d 723, 730 (5th Cir.), *cert. denied,* 385 U.S. 987, 87 S.Ct. 600, 17 L.Ed.2d 448 (1966); *Laburnan Constr. Corp. v. Revenue Systems,* 349 F.Supp. 1291, 1294 (E.D.Va.1972); and *Board v. Blount Bros. Corp.,* 348 F.Supp. 177, 179 (S.D. Fla.1972).

■ It is well settled that the removal of a diversity case is governed by the plaintiff's complaint, *American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 14, 71 S. Ct. 534, 95 L.Ed. 702 (1951), at the time the removal petition is filed. *Glenmede Trust Co. v. Dow Chem. Co.,* 384 F. Supp. 423, 429 (E.D.Pa.1974). Moreover, it is clear that under the procedural practice in the State of Texas, an amended pleading completely supersedes and supplants the pleading which is amended, *Zock v. Bank of Southwest Nat'l Ass'n,* 464 S.W.2d 375, 376 (Tex. Civ.App.1971), *King v. Air Express International Agency,* 413 S.W.2d 838, 839 (Tex.Civ.App.1957), and that the filing of an amended petition which omits an individual as a party defendant has the effect of dismissing such party from that cause of action the same as if an order had been entered to that effect. *Hatley v. Schmidt,* 471 S.W.2d 440, 441 (Tex.Civ.App.1971); and *Chesbrough v. State,* 465 S.W.2d 224, 226 (Tex.Civ. App.1971). It is appropriate, therefore, for this Court to examine the allegations set forth in the plaintiff's first amended petition, in determining whether or not these causes are subject to removal, and the conclusion is inescapable that while the bifurcation of this litigation by the state district court did not, in and of itself, create the right to remove this lawsuit, the filing of the amended pleading, which omitted C. L. Todd as a defendant therein, effectively did do so. Although the amended pleading may have been intended as "trial strategy", it created diversity of citizenship and set forth separate and independent causes of action on behalf of the Gravitt plaintiffs sufficient to vest jurisdiction in this Court; and the prior act of filing counterclaims, at a time when there was no right of removal, did not constitute a waiver of that right. *Caldwell v. Montgomery Ward & Co.,* 207 F.Supp. 161 (S.D.Tex. 1962).

■ This Court is fully cognizant of and sympathetic with the doctrine of comity between the state and federal courts. There has already been almost six months of pretrial and discovery in this cause, and a definite trial date in the state court has been set for July 14, 1975. However, for a number of reasons, including, but not limited to, the crowded condition of this Court's docket, an early trial date in this Court is impossible. Under the circumstances, it is indeed unfortunate that the filing of the amended complaint has created this sudden turn of events that has served to frustrate the orderly administration of justice in one court, and has become an imposition upon another court, where everything that has gone before must be restudied and rehashed, thus duplicating a considerable amount of effort already expended. Insofar as the plaintiffs are concerned, they have no one to blame but themselves. Except for the filing of the amended petition, this cause would still be in the forum *they* chose, where it really belongs. But the defendants, having been handed the opportunity on a silver platter, can hardly be criticized

for exercising their legal right to remove the case to the forum of *their* choice. Although this Court is reluctant to accept jurisdiction of the Gravitt causes of action, it must do so under the plain and unambiguous provisions of the law, despite plaintiffs' suggestion that an order of remand would not be appealable.[1]

■ While the causes of action alleged by the plaintiff, James H. Ashley, were not within the original jurisdiction of this Court, inasmuch as Mr. Ashley and the defendant C. L. Todd, are both residents of Texas, this Court now has ancillary jurisdiction over the Ashley claims, because the effect of the removal of the instant litigation may include not only the "separate and independent" causes of action asserted by the Gravitt plaintiffs, but the entire lawsuit as well. *Texas Employers Ins. Co. v. Felt,* 150 F.2d 227, 233 (5th Cir. 1945). It is, of course, true that the language of Section 1441(c) makes it discretionary with the court as to whether it will remand matters not otherwise within its original jurisdiction. *Peters v. Standard Oil Co.,* 174 F.2d 162, 163 (5th Cir. 1949). In this connection, even though the causes of action alleged by Gravitt and Ashley are separate and independent, they are, nonetheless, closely related in that they are very similar and involve a number of the same parties. *Armstrong v. Alliance Trust Co.,* 126 F.2d 164, 167 (5th Cir. 1942). In addition, the questions of law and fact involved arose out of a single series of transactions. Since it appears that much more work needs to be done before either the Gravitt or Ashley causes of action could be ready for trial, the problems of judicial economy and sound court administration would be compounded by a further duplication of effort in both the state and federal courts. All of this boils down to the fact that only one court should be charged with the burden of handling this litigation. This Court *must* under the law handle the "separate and independent" claims and causes of action of the Gravitts. In view of the fact that it does have ancillary jurisdiction now over the Ashley claims and causes of action, it is the *only* court that can assume the burden of handling the entire litigation, and has the duty to do just that.

It is, accordingly, Ordered, Adjudged and Decreed that the motion to remand the claims and causes of action of James H. Ashley and the Gravitt plaintiffs is hereby, in all things, Denied.

The petitioners are hereby Ordered to file with the Clerk of this Court copies of all records and proceedings in the state court, pursuant to 28 U.S.C. § 1446(b).

Within fifteen (15) days from this date counsel for the plaintiffs and the defendants shall furnish to the Court and opposing counsel a brief, supported by relevant authorities, setting forth their respective views concerning the consolidation of all claims and causes of action for a single trial. See: *Edwards v. E. I. Dupont De Nemours & Co.,* 183 F.2d 165, 169 (5th Cir. 1950); and *Baltimore Gas & Elec. Co. v. United States Fidelity & Guar. Co.,* 159 F.Supp. 738, 741 (D.Md.1958). In the same briefs, counsel are directed to comment upon the possibility of submitting to the jury the issues of liability and damages separately with respect to all plaintiffs in a single trial.

It is further Ordered that:

(1) Discovery with respect to all claims, or causes of action shall be completed by the parties within three (3) months from this date.

(2) A conference of counsel shall be held on or before four (4) months from this date.

---

1. The idea that any court should act in a particular way because its decision would not be appealable is repugnant to the basic principle of our system of justice that this is a government of laws, not of men. If anything, even greater care and caution should be exercised by a "court of last resort" in the decision-making process.

(3) Counsel for the parties shall submit to the Court, within five (5) months from this date, a proposed agreed pretrial order with respect to each set of claims. The proposed order in each instance shall supply information required by Local Court Rule 26 and the pretrial order check list (Form PT–1).

(4) In the event counsel are unable to agree on the form of a proposed agreed pretrial order with respect to either set of claims, then counsel for each party is directed to submit his version of an appropriate pretrial order within ten (10) days after the expiration of the date set in paragraph 3 hereof; such version to cover, in addition to the matters contemplated in paragraph 3 of this order, the following:

(a) A list of other facts or exhibits to which it is felt opposing counsel should stipulate, but which he refuses to do. *Local Court Rule 26(k)*.

(b) Any stipulations, rules, witness lists, requirements with respect to trial briefs, or other appropriate matters which counsel feels should be included therein. *Local Court Rule 26(m)*.

(5) The Court will set a date, with notice to counsel, of the first pretrial conference for the purpose of entering a pretrial order to govern the trial or trials of the litigation. In this connection:

(a) The attorneys who will try the case will familiarize themselves with pretrial rules and come to the conference with full authority to accomplish the purpose of Rule 16, F.R.Civ.P., by simplifying the issues, expediting the trial(s), and saving expenses.

(b) The Court shall be further advised as to the legal issues involved; any State or Federal statutes and regulations of any administrative agencies involved; the nature and effect of foreign laws, if any; and concerning conflict of law questions, if any.

(6) The parties shall submit monthly pretrial and discovery status reports, the same being due on the first day of each month, beginning July 1, 1975.

(7) The Clerk will furnish a copy of this order, including Form PT–1, to counsel of record by United States mail.