IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 23, 2009 Session

## MARCUS WILLIS v. SHELBY COUNTY, TENNESSEE, ET AL.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-004934-07 and CT-004010-05     Karen R. Williams, Judge**

---

**No. W2008-01487-COA-R3-CV and W2008-01558-COA-R3-CV - Filed June 8, 2009**

---

This appeal arises from the removal of a state court action to federal court. Once the federal court granted the defendants summary judgment regarding plaintiff's federal claims, it dismissed plaintiff's state law claims without prejudice. Approximately one year later, the plaintiff sought to present its state law claims in state court by filing a motion titled to be a "Motion to Reassume Jurisdiction" and refiling its entire cause of action in state court. The trial court dismissed both cases with prejudice because the statute of limitations had run. We affirm in part and reverse in part.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in part; Reversed in part; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Herbert D. Hurst and Jill M. Shirley, Hurst Law Firm, P.A., Memphis, Tennessee, Louis P. Chiozza, Jr., Memphis, Tennessee, and Steven R. Walker, Memphis, Tennessee, for the appellant, Marcus Willis.

Reid R. Phillips and Chapman Sellers Morrow, Memphis, Tennessee, for the appellee, Correctional Medical Services, Inc.

Debra L. Fessenden, Memphis, Tennessee, for the appellee, Shelby County, Tennessee.

**OPINION**

**Background/Procedural History**

The facts in this case are largely undisputed. Plaintiff Marcus Willis ("Willis") originally filed two separate causes of action in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis ("state court"), alleging, in both cases, that the defendants negligently caused the amputation of his left leg. The trial court ultimately dismissed both lawsuits and we have consolidated both cases on appeal.

Willis' cause of action arises from the medical treatment that he received while he was awaiting trial in the Shelby County Jail. At that time, Willis was a Type I diabetic. After complaining that he failed to receive proper medication while detained, Willis was eventually transported to the Regional Medical Center and Willis' left leg was amputated below the knee.

Willis filed his first lawsuit, Case CT-004010-05, in state court in July 2005. At that time, Willis brought both state and federal claims against the various defendants[1] (collectively "Defendants"). Willis alleged that Correctional Medical Services (CMS) and its employee Katherine Merriweather (collectively "CMS Defendants") negligently treated his diabetes, that Shelby County, A.C. Wharton, Mark Luttrell, Jr., James Coleman, John Doe, Jane Roe I, and Jane Roe II (collectively "Shelby County Defendants") negligently cared for Willis while he was detained in the jail, that the Tennessee Governmental Tort Liability Act ("GTLA") waived immunity for the Shelby County Defendants, and that the Defendants violated his civil rights pursuant to 42 U.S.C. § 1983. Based on Willis' § 1983 claims, Defendants properly removed the case to the U.S. District Court for the Western District of Tennessee ("district court") on the basis of federal question jurisdiction.

After the district court assumed jurisdiction, Defendants submitted motions for summary judgment. In September 2006, the district court granted summary judgment to most of the Defendants on Willis' § 1983 claims.[2] At the same time, the district court declined to exercise supplemental jurisdiction over all of Willis' state law claims and dismissed them without prejudice. Willis failed to file a request to remand the supplemental claims. Rather, over a year later, on September 28, 2007, Willis filed a motion with the district court to remand the state law claims to the Shelby County Circuit Court. The district court entered an order October 30, 2007 denying Willis' motion to remand because it found that Willis could have re-filed his cause of action in state court during the 30 days after it had dismissed the claims without prejudice.

Meantime, on September 21, 2007, Willis filed a motion with the state court to reassume jurisdiction and set the case on the clerk's docket. As a second precaution, Willis also filed a second lawsuit, CT-004934-07, which is identical to his first suit, in state court on September 27, 2007. In

---

[1]Willis filed this cause of action against Shelby County, Tennessee; A.C. Wharton, individually, and in his official capacity as Mayor of Shelby County; Mark Luttrell, Jr., individually, and in his capacity as Sheriff of Shelby County; James Coleman, individually, and in his official capacity as Jail Director/ Chief Jailer of Shelby County Jail (SCJ); Correctional Medical Services, Inc.; Gerald Stipanuk, M.D., individually, and in his official capacity as CMS Medical Director and treating physician at SCJ; Katherine Merriweather, LPN, individually, and in her official capacity as Licensed Practical Nurse at SCJ; Alaina Sample, RN, individually, and in her official capacity as Registered Nurse at SCJ; Vanessa Ann Davis, NPC, individually and in her official capacity as Non Physician Clinician at SCJ; Amy Hodge, RN, individually, and in her official capacity as Registered Nurse at SCJ; John Doe I, individually, and in his official capacity as guard for SCJ; Jane Roe I, individually, and in her official capacity as guard for SCJ; Jane Roe II, individually and in her official capacity as call guard for SCJ.

[2]The district court entered its order granting summary judgment to the Shelby County Defendants on September 28, 2006. The trial court entered its order regarding Defendant CMS and Katherine Merriweather's motion for summary judgment on September 29, 2006.

response, Defendants filed various motions to dismiss, alleging that the second lawsuit was barred by res judicata, collateral estoppel, and the statute of limitations.

On June 3, 2008, the trial court entered a final judgment on both of Willis' lawsuits. The trial court denied Willis' motion to reassume jurisdiction. In both cases, the trial court opined the following:

> 5. This [c]ourt is of the considered opinion that the plaintiff's state law claims against all defendants were dismissed by the federal district court without prejudice. The proper procedure, then, was for the plaintiff to re-file his suit in Tennessee state court within thirty days from the date of that dismissal order, which plaintiff failed to do. Accordingly the statute of limitation[s] passed and this matter must be dismissed.

The trial court then dismissed both lawsuits with prejudice. Willis filed timely notices of appeal for both cases on July 1, 2008. We thereafter consolidated the cases.

### Issues

As stated in his brief, Willis raises two issues on appeal:

I.      Whether the trial court erred in denying Plaintiff's Motion to Reassume Jurisdiction and in dismissing the suit originally filed in state court under docket number CT-004010-05.

II.     Whether the trial court erred in entering an order of dismissal with prejudice with respect to the claims against CMS and Katherine Merriweather in cause number CT-004934-07.

### Standard of Review

Willis' appeal presents various questions of law. We review the trial court's application of law *de novo* with no presumption of correctness. *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). It is a question of law whether a claim is barred by the applicable statute of limitations. *Brown v. Erachem Comilog, Inc.*, 231 S.W.3d 918, 921 (Tenn. 2007). A determination whether subject matter jurisdiction exists is also a question of law, so our review continues to be *de novo* with no presumption of correctness. *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999). The trial court did, however, consider matters outside of the pleadings when making its final determination in this case. When a trial court considers matters outside of the pleadings, a motion to dismiss is converted to a motion for summary judgment. *Adams TV of Memphis v. ComCorp of Tenn.*, 969 S.W.2d 917, 920 (Tenn. Ct. App. 1997). Where it is necessary to review the record, therefore, we view the evidence in a light most favorable to the nonmoving party. *Staples v. CBL & Assoc., Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000).

*Analysis*

The issue in this case stems from a defendant's right to remove a lawsuit to federal court. Where a district court has original jurisdiction over a case that was filed in state court, a defendant may remove the case to federal court. 28 U.S.C. § 1441(a). A district court has original jurisdiction if there is either federal question jurisdiction or diversity jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Where a case is properly removed pursuant to federal question diversity, a defendant may also remove supplemental[3] state law claims. 28 U.S.C. § 1441(c); *see* 28 U.S.C. § 1367. Once the notice of removal is filed, a district court retains jurisdiction over any supplemental state law claims even if the district court dismisses the federal claim that formed the basis for federal question jurisdiction.[4] 28 U.S.C. § 1367(c); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 355 n.11 (1988), *see* 16 Moore's Federal Practice § 107.14[3]b][ii] (Matthew Bender 3d ed.); *see also Parker v. Della Rocco*, 252 F.3d 663, 665–67 (2nd Cir. 2001) (28 U.S.C. § 1447(c) does not require a district court to remand supplemental claims after federal law claims are dismissed); *Rector v. Dacco, Inc.,* No. M2005-00294-COA-R9-CV, 2006 WL 1749525, at *5 n.14 (Tenn. Ct. App. June 26, 2006) ("Technically speaking, a discretionary decision to decline to exercise supplemental jurisdiction over state law claims under 28 U.S.C.A. § 1367(c)(3) is not a 'dismiss[al] for lack of jurisdiction.' Tenn. Code Ann. § 28-1-115. Federal courts retain jurisdiction to consider state law claims even after all related federal law claims have been dismissed; 28 U.S.C.A. § 1367(c) simply gives them the discretion to decline to exercise it"). Once it has dismissed the federal law claims, it is within a district court's discretion whether to adjudicate any remaining supplemental claims. 28 U.S.C. § 1367(c). If it chooses not to entertain the supplemental claims, it is within a trial court's discretion to either remand the supplemental claims to the state court or dismiss them without prejudice.[5] *Carnegie-Mellon*, 484 U.S. at 351–57.

---

[3]28 U.S.C. § 1367 codifies both the common law doctrines of pendent and ancillary jurisdiction under the name supplemental jurisdiction.

[4]28 U.S.C. § 1367 provides in pertinent part:

(c) The district courts *may decline* to exercise supplemental jurisdiction over a claim under subsection (a) if –
(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) *the district court has dismissed all claims over which it has original jurisdiction,* or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c) (emphasis added).

[5]The United State Supreme Court, in *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966), explained that supplemental jurisdiction

is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate

(continued...)

Once a defendant has filed a notice of removal, a plaintiff may seek to remand the case to state court. 28 U.S.C. § 1447. If at any time before it enters a final judgment the federal court determines that it lacks subject matter jurisdiction, the federal court must remand the case to state court. 28 U.S.C. § 1447(c). Otherwise, a plaintiff must move to remand the case within 30 days after the defendant files the notice of removal. 28 U.S.C. § 1447(c). A district court then determines whether there was a procedural defect in the removal process, such as improper filing or in a diversity case, whether there is a local defendant or fraudulent joinder. *See* 16 Moore's Federal Practice § 107.41[1][c][ii][B] (Matthew Bender 3d ed.). The district court cannot *sua sponte* enter an order remanding the case for any defect other than lack of subject matter jurisdiction. *Page v. City of Southfield*, 45 F.3d 128, 132–34 (6th Cir. 1994). Where a district court would dismiss such supplemental claims, Congress does toll the statute of limitations for those claims "while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. §1367(d). Thus, where a district court opts to dismiss rather than remand the case, a plaintiff has the opportunity to re-file its supplemental claims in state court for at least thirty days before the statute of limitations may bar his cause of action. *Id.*

Removal and remand procedures become particularly important where, as here, the cause of action may be barred by the statute of limitations if a plaintiff is required to re-file his suit. In this case, Willis alleges both medical malpractice and governmental liability pursuant to the

---

[5](...continued)
to exercise jurisdiction over state claims, even though bound to apply state law to them, *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.

*Id*. at 726–27 (footnotes omitted). The United States Supreme Court subsequently addressed whether a federal district court has the discretion to remand, rather than dismiss, a properly removed case to state court when all federal-law claims in the action had been eliminated and only supplemental state law claims remained. In holding that a district court had the discretion to remand, the court explained that

a remand generally will be preferable to a dismissal when the statute of limitations on the plaintiff's state law claims has expired before the federal court has determined that it should relinquish jurisdiction over the case. In such a case, a dismissal will foreclose the plaintiff from litigating his claims. This consequence may work injustice to the plaintiff; although he has brought his suit in timely manner, he is time barred from pressing his case. Equally important, and more easily overlooked, the foreclosure of the state-law claims may conflict with the principle of comity to States. The preclusion of valid state-law claims initially brought in timely manner in state court undermines the State's interest in enforcing its law. The operation of state statutes of limitations thus provides a potent reason for giving federal district courts discretion to remand, as well as to dismiss, removed pendent claims.

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351–52 (1987).

Governmental Tort Liability Act. In Tennessee, both claims have a one-year statute of limitations. Tenn. Code Ann. § 29-20-203(b) (Governmental Tort Liability actions must be commenced within twelve months after the cause of action arises); Tenn. Code Ann. § 28-3-104(a) (actions for injuries to the person shall be commenced within one year); Tenn. Code Ann. § 29-26-116(a)(1) (statute of limitations in malpractice actions is one year as set forth in Tenn. Code Ann. § 28-3-104). Tennessee's savings statute, however, permits a plaintiff to commence a new action within one year of a voluntary non-suit or dismissal without prejudice. Tenn. Code Ann. § 28-1-105 (2000). So long as the action is dismissed on grounds that do not conclude the plaintiff's right of action, a plaintiff can use the savings statutes to revive cases filed in both state and federal court. *Stuber v. Louisville & Nashville R.R. Co.*, 87 S.W. 411, 413–14 (Tenn. 1905). The Tennessee savings statute cannot be applied, however, to extend the time for filing Willis' action against the Shelby County Defendants under the Tennessee Governmental Tort Liability Act. *See Lynn v. City of Jackson*, 63 S.W.3d 332, 333–36 (Tenn. 2001) (saving statutes do not apply to extend the time for filing an action under the Tennessee Governmental Tort Liability Act).

### Re-assuming Jurisdiction in First Cause of Action Filed in State Court

On appeal, Willis argues that the trial court should have re-assumed jurisdiction after the district court dismissed its state law claims without prejudice. To support this argument, Willis explains that the suit was originally filed in state court. When Defendants removed the case to federal court it stayed the state court proceedings. Willis argues, therefore, that the state court does not lose jurisdiction over the claim; the cause of action simply remains pending in state court although the state court is prohibited from any further proceedings. Willis alleges that if the federal court gives up jurisdiction it is unnecessary to re-file the suit in state court; the state court must simply re-assume jurisdiction over the case and proceed to resolve the state law claims.

We note foremost that the district court dismissed, not remanded, Willis' case. The federal removal statute, 28 U.S.C. § 1446(d), states in pertinent part:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect removal *and the State court shall proceed no further unless and until the case is remanded*.

28 U.S.C. § 1446(d) (emphasis added). Therefore, any action taken in state court after a written notice of removal and before remand is of no force or effect. *See Crawford v. Morris Trans., Inc.*, 990 So. 2d 162, 169 (Miss. 2008). Various plaintiffs have attempted to argue that dismissal of their claims in federal court somehow automatically remands the case to the state court. State and federal courts have consistently held, however, that a state court has no jurisdiction to resume proceedings where a federal court, in its discretion, dismisses the case rather than

remanding it.[6] *Allstate Ins. Co. v. Preston*, 842 F.Supp 1441 (S.D. Fla. 1991) ("Because the case was never remanded, [plaintiff's] position that the state court is without jurisdiction to proceed in the action is correct."); *Allstate Ins. Co. v. Superior Court*, 183 Cal. Rptr. 330 (Cal. Ct. App. 1982) ("The dismissal without prejudice nevertheless terminated *the* action, and placed [plaintiff] in a 'legal position' as if he had never brought it. There having been a dismissal without remand, there was no *action* in which respondent court could 'resume' jurisdiction as plaintiff contends"); *Miller v. Equifax, Inc.*, No. 022393, A135954, 2009 WL 1313719, at *2 (Or. Ct. App. 2009) ("Because this action was removed to and never remanded from the federal district court, the trial court was correct to conclude that it lacked jurisdiction."); *Fessler v. Hannagan*, 601 A.2d 462 (Pa. Commw. Ct. 1991) ("There is no suggestion in the removal statute that dismissal of the action in federal court somehow operates as an automatic remand to the state court, and plaintiffs offer no authority for their contention that 'removal jurisdiction . . . was extinguished when the federal court made a final determination by dismissing the Plaintiffs' earlier removed action.'").

Despite Willis' assertion to the contrary, we believe that Tennessee law supports this general proposition. Willis argues that if the federal court gives up jurisdiction, it is unnecessary to re-file suit in state court because the state action remains pending after removal. This Court in *Hood v. Prime Time Rentals, Inc.* likened the removal of a state action to federal court to a "statutorily-created stay on proceedings in the state court." Recognizing that removal stays the state court proceedings does not, as Willis argues, permit a state court to simply re-assume jurisdiction because "something remains in the state court." *Hood*, 1999 WL 174138, at *3. We have emphasized that

> Federal courts have consistently held that the removal of an action to federal court divests the state court of jurisdiction to take further action. Pursuant to § 1446, "it has been uniformly held that the state court loses all jurisdiction to proceed immediately upon the filing of the petition in the federal court and a copy in the state court." *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1239 (9th Cir. 1994); *Moore v. Interstate Fire Insurance*, 717 F.Supp 1193 (S.D. Miss. 1989); *South Carolina v. Moore*, 447 F.2d 1067, 1073 (4th Cir. 1971). "Any further proceedings in the state court in the removed action, *unless and until the case is remanded*, would be a nullity. 1A Moore's Federal Practice § 0.168[3-8-4]. *See also, Caldwell v. Montgomery Ward and Co.*, 207 F.Supp. 161 (S.D. Texas 1962)."

*B & G Constr., Inc. v. Polk*, 37 S.W.3d 462, 466 (Tenn. Ct. App. 2000) (quoting *Hood v. Prime Time Rentals, Inc.*, No. 01A01-9807-CH-00352, 1999 WL 174138, at *1 (Tenn. Ct. App. Mar.

---

[6]Despite the prohibition that a state court may "proceed no further" on removed cases, states are permitted to perform ministerial acts that do not affect the merits of the dispute between the parties. *See* 16 Moore's Federal Practice § 107.31[2] (Matthew Bender 3d ed.). *Compare Lawrence v. Chancery Court*, 188 F.3d 687 (6th Cir. 1999), *with Hood v. Prime Time Rentals, Inc.*, No. 01A01-9807-CH-00352, 1999 WL 174138 (Tenn. Ct. App. Mar. 31, 1999). There is no question , however, that in this case Willis sought for the state court to adjudicate the merits of his claim.

31, 1999)) (emphasis added).  Thus, a state court may only reassert jurisdiction if a federal court remands the case.  In *Hood,* we held that the trial court did not have the authority to dismiss a case that had been removed.  *Hood*, 1999 WL 174138, at *3.  We find Willis' reliance on *Hood* to be misplaced because the state court did not have jurisdiction to proceed on the merits of the claim until and unless the federal court remanded the case; a state court has no authority to assume jurisdiction on its own accord.  We, therefore, find no merit to Willis' first argument.

### *Second Cause of Action Filed in State Court*

Willis' also argues that the trial court erred by dismissing the second cause of action that he filed in state court.  The trial court dismissed this second suit because it found that it was filed beyond the statute of limitations.  Willis claims, however, that Tennessee's saving statute extends the time that he had to re-file his supplemental claims.  Because Tennessee's saving statute applies to an action filed within one year from the time that a similar action was dismissed without prejudice, Willis alleges that he had one year from the time the district court dismissed his case to refile his claim in state court.  Willis admits that he cannot use the savings statute to revive his GTLA claims against the Shelby County Defendants.  *See Lynn v. City of Jackson*, 63 S.W.3d 332, 333-36 (Tenn. 2001).  Nevertheless, he claims that the trial court erred by dismissing his cause of action against Defendants CMS and Katherine Merriweather.

There appears to be no dispute that had Willis' cause of action been dismissed without prejudice in the state court, Tennessee's saving statute would have permitted him to refile his medical malpractice claim against Defendants CMS and Katherine Merriweather[7] within the next year.  The fundamental issue here is the effect that 28 U.S.C. § 1367(d) has on Tennessee's savings statute.  Defendants assert that Tennessee's savings statute does not extend the time that a plaintiff has to re-file the supplemental claims beyond the thirty day period provided in 28 U.S.C. § 1367(d).  In support of that proposition they cite *Rector v. Dacco, Inc.*, No. M2005-00294-COA-R9-CV, 2006 WL 1749525 (Tenn. Ct. App. June 26, 2006).  In *Rector*, plaintiff filed two identical Tennessee Human Rights actions in federal district court.  *Rector*, 2006 WL 1749525, at *1.  Plaintiff filed the first complaint on June 28, 2001 and then voluntarily dismissed this action on December 12, 2001.  *Id.*  Plaintiff filed his second complaint on October 25, 2002, and on June 4, 2003, the district court dismissed plaintiff's federal claims and declined to exercise supplemental jurisdiction over plaintiff's state claims.  *Id.*  Nearly one year later, plaintiff filed this same cause of action in state court.  *Id.* at *2.  This Court acknowledged that the savings statute requires that all complaints after the first one must be filed within one year from the date the first complaint was dismissed.  *Id.* at *3.  We then held that a plaintiff could not

---

[7]As Correctional Medical Services noted in its brief, Willis did not include Katherine Merriweather as an appellee in its notice of appeal.  As the Supreme Court has noted, however, "failure to name a party in a caption of a notice of appeal is not a reason for dismissal of the appeal."  *Schering-Plough Healthcare Prods., Inc. v. State Bd. of Equalization*, 999 S.W.2d 773, 777 (Tenn. 1999).

use Tenn. Code. Ann. § 28-1-105(a) and Tenn. Code. Ann. § 28-1-115[8] successively to provide a second one-year saving grace period even if the case was originally filed in federal court. *Id.* at *4. Because plaintiff did not file his state action within one year after dismissing his first cause of action in federal court, we found that neither Tenn. Code. Ann. § 28-1-105(a) nor § 28-1-115 independently saved plaintiff's cause of action. In *Rector*, we also addressed the issue whether Tenn. Code. Ann. § 28-1-115 extended the thirty-day tolling period provided in 28 U.S.C. § 1367(d)[9] to one year. *Id.* at *4-5. As the Court said in *Rector*, because the General Assembly enacted Tenn. Code Ann. § 28-1-115 six years before Congress enacted 28 U.S.C. § 1367(d), this Court found that "we have no basis to conclude that the one-year saving period in Tenn. Code Ann. § 28-1-115 reflects the General Assembly's considered decision to lengthen 28 U.S.C.A. 1367(d)'s thirty-day tolling period to one year." *Id.*

On this appeal, the parties dispute what implications *Rector* has on the tolling period after a federal court dismisses a claim. Defendants allege that in *Rector* this Court held that the saving period provided in 28 U.S.C. § 1367 was applicable rather than the one-year saving period in Tenn. Code Ann. § 28-1-115. Although we noted in a footnote that "it is now highly questionable whether a plaintiff whose complaint is dismissed from federal court for any reason other than lack of jurisdiction can take advantage of either Tenn. Code Ann. § 28-1-115 or Tenn. Code Ann. § 28-1-105(a)," we immediately stated that "we need not resolve this question in the present appeal, because [plaintiff's] third complaint was not filed within one year of his voluntary dismissal of his first federal complaint." *Id.* at *4. In *Rector*, the plaintiff twice filed its cause of action in federal court. The one-year period that the plaintiff had to re-file after his first dismissal had already run by the time that plaintiff filed his state court action. Defendants, therefore, mischaracterize our position in *Rector*; we did not apply 28 U.S.C. § 1367(d) in place of Tenn. Code Ann. § 28-1-115. Rather, we noted that "[t]he thirty-day grace period contained in 25 U.S.C. § 1367(d) operates independently of the one-year saving period conferred by Tenn. Code Ann. § 28-1-105(a) and Tenn. Code Ann. § 28-1-115." *Id*. at *5 n.15.

Plaintiff argues that his claims against the CMS Defendants were timely filed because his previous suit was dismissed without prejudice and this case was re-filed within one year of the dismissal. We agree. Tennessee has long applied Tenn. Code Ann. § 28-1-105(a) to toll the statute of limitations in cases dismissed from federal court. *See Clark v. Robertson*, No. 1:05-CV-160, 2007 WL 708590, at *4 (E.D. Tenn. 2007). 28 U.S.C. § 1367(d) expressly provides that the supplemental claim "shall be tolled while the claim is pending [in federal court] and for a

---

[8]Tenn. Code Ann. § 28-1-115 states the following:

Notwithstanding any applicable statute of limitation to the contrary, any party filing an action in a federal court that is subsequently dismissed for lack of jurisdiction shall have one (1) year from the date of such dismissal to timely file such action in an appropriate state court.

Tenn. Code Ann. § 28-1-115 (2000).

[9]28 U.S.C. § 1367(d) permits states to extend the thirty day time that a federal court dismissal tolls a statute of limitation. 28 U.S.C. § 1367(d).

period of 30 days after it is dismissed *unless State law provides for a longer tolling period.*" 28 U.S.C. § 1367(d). We find that where Tenn. Code Ann. § 28-1-105 provides a plaintiff more than 30 days to commence a new action, it will, appropriately, toll the statute of limitations beyond that thirty day period. *See Crawford v. Morris Transp., Inc.*, 990 So. 2d 162, 174 (Miss. 2008). Because Willis initiated a new action against the CMS Defendants within one year from the time that the district court dismissed the claims, the saving statute applies to toll the statute of limitations for Willis' claims against the CMS Defendants. Willis, therefore, timely filed the action. We reverse the judgment of the trial court on this issue and remand the case for further proceedings consistent with this opinion.

### Conclusion

For the foregoing reasons, we affirm in part and reverse in part. Costs of this appeal are taxed one-half to Appellees Correctional Medical Services and Katherine Merriweather, and one-half to the Appellant, Marcus Willis and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE