# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

## AMERICAN LEGION POST 212 v. HOLLIS F. SUMMERS, ET AL.

### Appeal from the Circuit Court for Union County
### No. 2691     John D. McAfee, Judge

---

### No. E2009-02584-COA-R3-CV - FILED AUGUST 20, 2010

---

The trial court in this matter granted a motion to dismiss and entered a default judgment for the plaintiff, American Legion Post 212 ("Post 212").  The defendant, Hollis F. Summers ("Mr. Summers"), who was not present at the hearing, had removed the action to federal court days earlier.  Under 28 U.S.C. § 1446(d), once a case is removed to federal court, a state court has no authority to take further action in the matter.  Accordingly, because the trial court had no jurisdiction over the case, we must summarily reverse the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
### Reversed; Case Remanded

Hollis F. Summers, Corryton, Tennessee, pro se appellant.

Scott Hahn, Knoxville, Tennessee, for the appellee, American Legion Post 212.

### MEMORANDUM OPINION[1]

### I. BACKGROUND

---

[1]Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

The record was filed in this appeal on March 2, 2010. On May 18, 2010, Post 212 filed a motion to dismiss the appeal based upon Mr. Summer's failure to file a brief within the time provided in Tenn. R. App. P. 29(a). An order to show cause was entered on May 19, 2010, directing Mr. Summers to show cause why the appeal should not be dismissed for his failure to file a brief. In response to the show cause order and motion to dismiss, Mr. Summers filed a motion for an extension of time within which to file his principal brief and a notice advising the court that the case had been removed to federal court on October 22, 2009.

A review of the record filed with the appellate court clerk on March 2, 2010, reveals that notice of the filing of the Notice of Removal to the United States District Court for the Eastern District of Tennessee was filed with the state trial court clerk on October 23, 2009. Despite the removal to federal court, the trial court entered orders in November 2009 dismissing the state court action with prejudice and granting a default judgment against Mr. Summers for $22,000. The trial court also charged Mr. Summers for attorney's fees and other costs. At this time, the removed case remains pending in federal court.

## II. DISCUSSION

28 U.S.C. § 1446(d) provides:

> Promptly after the filing of such petition for the removal of a civil action and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

*Id.*

In *Hood v. Prime Time Rentals, Inc.*, No. 01A01-9807-CH-352, 1999 WL 174138, at *1, (Tenn. Ct. App. M.S., Mar. 31, 1999) we noted:

> Federal courts have consistently held that the removal of an action to federal court divests the state court of jurisdiction to take further action. Pursuant to § 1446, "it has been uniformly held that the state court loses all jurisdiction to proceed immediately upon the filing of the petition in the federal court and a copy in the state court." *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1239 (9th Cir. 1994); *Moore v. Interstate Fire Insurance*, 717 F.Supp. 1193 (S.D.Miss. 1989); *South Carolina v. Moore*, 447 F.2d 1067,

1073 (4th Cir. 1971). "Any further proceeding in the state court in the removed action, unless and until the case is remanded, would be a nullity." 1A *Moore's Federal Practice* § 0.168[3-8-4]. *See also, Caldwell v. Montgomery Ward and Co.*, 207 F.Supp. 161 (S.D. Texas 1962).

* * *

. . . [W]e are of the opinion there can be no question that a state court can *proceed no further* when a case is removed to federal court, unless and until the case is remanded. . . .

*Id.* 1999 WL 174138, at *1-3. The *Hood* opinion goes on to characterize the effect of removal "as an automatic, statutorily-created stay on proceedings in state court." *Id.* at *3.

The trial court had no authority to proceed further in this action once it was removed to federal court. The judgment of the trial court must therefore be reversed.

### III.  CONCLUSION

The decision of the trial court is reversed and this case is remanded to the trial court. Costs on appeal are taxed to the appellee, American Legion Post 212.

PER CURIAM